### GALLAGHER v. QUINLAN.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

WILLS—DESCRIPTION OF PROPERTY—MISTAKE.

    A devise of house and lot "No. 97 Oakland street" will pass testator's house and lot, "No. 79 Oakland street," when he owned no other real estate.

Controversy between Ann Gallagher and Eleanor A. Quinlan as defendant, submitted without action on an agreed state of facts, to determine the title to real estate. Judgment for plaintiff.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John R. Farrar, for plaintiff.
Charles R. Halsey, for defendant.

CULLEN, J. On March 21, 1891, Thomas Gallagher died seised in fee simple of the premises known as "No. 79 Oakland street," in the city of Brooklyn. By his will, duly proved, Gallagher devised to the plaintiff his house and lot, "No. 97 Oakland street, Brooklyn." Gallagher neither at the time of his death, nor at any other time, owned any other real estate than said plot, No. 79 Oakland street. The plaintiff entered into a contract with the defendant for the sale of the premises 79 Oakland street. The defendant refuses to carry out the contract, on the ground that the plaintiff has not a good title to the premises agreed to be sold. The sole question presented on this submission is whether, under the devise of the testator's house and lot No. 97 Oakland street, the house and lot 79 Oakland street passed. The general rule applicable to errors of the kind that has occurred in this will is, "Falsa demonstratio non nocet." As to this rule it is said by Mr. Jarman:

    "It means that where the description is made up of more than one part, and one part is true, but the other false, there, if the part which is true describe the

subject with sufficient legal certainty, the untrue part will be rejected, and will not vitiate the devise." 1 Jarm. Wills, 742.

So in Day v. Trig, 1 P. Wms. 286, where one devised all his freehold houses in Aldersgate street, London, having in fact only leasehold houses there, it was held that the word "freehold" should be rejected, and that the leasehold houses should pass. In Pacy v. Knolls, 8 Vin. Abr. 277, it was held that a devise of houses and lands lying in the parish of Billing, and in a street called 'Brook's Street,' was a good devise of lands in Billing street, the testator having no lands in the parish of Billing. In Patch v. White, 117 U. S. 210, 6 Sup. Ct. 617, 710, the testator devised lot No. 6 in square 403, in the city of Washington, together with the improvements thereon erected. It was shown that the testator never owned lot No. 6 in square 403, but did own lot 3 in square 406, and also that lot 6 had no improvements on it, while lot 3 in square 406 had thereon a dwelling house occupied by the testator's tenants. It was held that, under the devise, lot 3 in square 406 passed. In Govin v. Metz, 79 Hun, 461, 29 N. Y. Supp. 988, the testator devised "the house and lot marked with the number 204 Lexington avenue," in the city of New York. The testator never owned 204 Lexington avenue, nor any other house and lot on that avenue, except No. 738. It was held that, under the devise, No. 738 Lexington avenue passed. The rule stated by Mr. Jarman plainly controls the disposition of this case. Eliminating the word and figures "No. 97," there is a sufficient designation and description of the premises devised as the testator's house and lot on Oakland street, in the city of Brooklyn. There can be no doubt that the testator intended to devise the only piece of real estate he owned, on that street or elsewhere. The error that has crept into the street number is easily explained. There has been a mere transposition of figures, and "97" written instead of "79." This error can cast no doubt on the testator's intent.

There should be judgment for the plaintiff on the submitted case, but, under the terms of the stipulation, without costs. All concur.