WM. SCHOENNERSTEDT v. THE STATE.

No. 4610.     Decided March 20, 1909.

**1.—Local Option—Charge of Court—Sale—Order—Written Instructions.**

Where upon trial of a violation of the local option law the State's testimony showed a direct sale, and the defendant's testimony that the defendant had ordered the beer for the prosecutor; and the court charged the State's theory, but failed to charge the law applicable to defendant's testimony, but the defendant did not submit written requested instructions upon his theory of the case, there was no error. Following Woods v. State, 75 S. W. Rep., 37, and other cases.

**2.—Same—Evidence—Malt Liquor Dealer's License.**

Upon trial of a violation of the local option law there was no error to permit the State on cross-examination of defendant to show that he had malt liquor dealer's license posted on the house out of which he got the beer for prosecutor; although this did not show that the same was issued to the defendant or the date of it; this should have been properly urged by the defendant, and a mere objection was not sufficient unless it appeared in the bill of exceptions that the license did not cover the transaction.

Appeal from the County Court of Jones.  Tried below before the Hon. Jas. P. Stinson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty-five days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.—On question of written requested charges in misdemeanor cases: Abbott v. State, 42 Texas Crim. Rep., 8, 57 S. W. Rep., 97; Bush v. State, 70 S. W. Rep., 550; Ramsey v. State, 3 Texas Ct. Rep., 359; Garner v. State, 5 Texas Ct. Rep., 910; Murray v. State, 38 Texas Crim. Rep., 677; Tracey v. State, 42 Texas Crim. Rep., 494; Williams v. State, 53 Texas Crim. Rep., 396, and cases cited in the opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, in that he sold six or seven bottles of beer to B. E. Frazier.  Frazier testified that appellant lived about two and a half miles south of Stamford; that he and Walker drove out to appellant's residence and bought of him about six or seven bottles of beer, for which he paid him (appellant) seventy-five cents at the time he received the beer.  He testified on cross-examination that about two weeks prior to the time he received the beer he told appellant to order him some beer, but had no recollection of signing a written order for it, nor did he recall how much he had requested appellant to order.  Appellant testified in his own behalf that Frazier and Walker came to his residence, and that while there he

let Frazier have the beer, about six or seven bottles. He further testified that about two weeks before this occurrence Frazier told him to order him two dozen bottles of beer, for which Frazier signed an order, and this was addressed to Bush & Company, at Waco, Texas; that Frazier paid him (appellant) the money at the time to cover the order; that he at once mailed the order and the money to Bush & Company, at Waco, and sometime afterwards received the beer and stored it in a little house on his place for Frazier until he should call for it; that the beer Frazier received from him on the occasion in question was part of the beer he ordered; that he did not sell Frazier any beer, nor did Frazier pay for any beer at the time testified by Frazier; that he made the order simply as an accommodation for Frazier and received no profit on it whatever.

The court charged the State's theory in regard to the transaction, but failed to charge the law applicable to appellant's view of the case. Exception was reserved by appellant to the failure of the court to present his theory to the effect that if they should find defendant's testimony to be correct, or there was a reasonable doubt of it they would acquit. This phase of the law, under the facts, should have been given. A party accused of a violation of the law is entitled to an instruction to the jury covering his defensive matters.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

ON REHEARING.

March 20, 1909.

DAVIDSON, PRESIDING JUDGE.—At a recent day of the present term the judgment in this case was reversed and the cause remanded on the failure of the court to charge upon one of the phases of the law suggested by the evidence. The State files a motion for rehearing on the ground that appellant did not present written instructions covering this theory of the evidence. An inspection of the record discloses that this contention is correct and the record does not contain any written requested instructions. The case was not briefed by either party and this suggestion is made by the State on motion for rehearing. We find that the authorities sustain the contention of the State. See Woods v. State, 75 S. W. Rep., 37.

There is another question not passed on in the former decision which, perhaps, in view of granting the rehearing, it would be well enough to notice. Appellant took the witness stand in his own behalf and was asked by the county attorney on cross-examination the following question: "Have you United States Malt Liquor Dealers' license posted or tacked on a certain house on your premises where beer is stored, and did you get the beer out of this house that you sold B. E. Frazier?" Appellant replied: "There is a United States Malt Liquor Dealers' license posted or tacked on a certain house on my premises, and I got the beer I let Frazier have

out of this house." Various objections were urged to the introduction of this testimony. That it is immaterial, irrelevant and inadmissible for any purpose, and further that there was no evidence whatever that said United States Malt Liquor Dealers' license was issued to the defendant, nor was there any evidence whatever as to the date of the sale or the expiration of the license and the admission of the testimony was clearly prejudicial, etc. The fact that a United States Liquor Dealers' license was tacked up in the premises owned or operated by the accused is admissible. The objections stated that appellant was not shown to have taken out a liquor dealers' license, or the date of it, if he did take out such license, are matters of fact and can not be urged simply as grounds of exception. If appellant desired to prove in this connection the fact, if it was a fact, that appellant had or had not taken out license, should have been shown by the bill of exceptions and not urged as a ground of exception. We are of opinion, however, that inasmuch as liquor dealers are required by law to post their license in a conspicuous place in their house of business that it is a fact that it may be proved such license was so posted. If as a matter of fact the license was not taken out for the time involved in this transaction, then that could as well be shown. Such a statement would not be taken as a ground of objection unless the facts showed that the license did not cover the specified time. Of course, the license would not be admissible as evidence or the fact that they were posted up, would be equally inadmissible, if, as a matter af fact, the license did not cover the time involved in this transaction. In order to make the posting of the license a fact admissible in evidence such license would have to involve the time, or cover the time so as to bring this transaction within it, but this can not be availed of by simply stating it as a ground of objection.

The motion for rehearing is granted, the reversal set aside and the judgment is now affirmed.

*Affirmed.*