### John Golden v. The State.

No. 1683.　Decided April 10, 1912.

Rehearing Denied May 8, 1912.

**1.—Threatening Letter—Complaint—Practice on Appeal—Filing.**

Where, upon trial of knowingly sending a threatening letter, the appellant, for the first time, raised the question that the complaint had no file marks thereon, in the Appellate Court, and made no motion to quash in the lower court, and the information showed that it was made on an affidavit filed and no injury being shown, there was no reversible error.

**2.—Same—Charge of Court—General Objections.**

Where, in a misdemeanor case, the objections to the court's charge were of a general character, and no bills of exception reserved thereto, there was no reversible error.

**3.—Same—Charge of Court—Practice on Appeal.**

Where no special charge was requested in a misdemeanor case and the bills of exception to the court's charge are only general in their character, there is no reversible error. Following Berg v. State, 64 Texas Crim. Rep., 612, 142 S. W. Rep., 884, and other cases.

**4.—Same—Motion for New Trial—Practice on Appeal.**

A general bill of exceptions to the overruling of a motion for new trial does not raise any question on the separate grounds alleged in the motion.

**5.—Same—Rule Stated—Misdemeanor—Charge of Court.**

The rule in misdemeanor cases is, in order to have the charge of the court reviewed, exception must be taken to the charges given and special instructions requested, and Article 723, Code Criminal Procedure, simply extends the time of exception to the charge of the court, but in no way cures the failure to tender special charges. Following Woods v. State, 75 S. W. Rep., and other cases.

**6.—Same—Peremptory Charge to Acquit.**

Where the evidence did not justify a peremptory charge to find the defendant not guilty, there is no error.

**7.—Same—Evidence—Husband and Wife—Cross-Examination—Bill of Exceptions.**

Where, upon appeal from a misdemeanor conviction, appellant complained that the county attorney was permitted to cross-examine defendant's wife on matters upon which she had not testified in her examination in chief, but the bill of exceptions did not show what the testimony of defendant's wife was on direct examination, the matter could not be reviewed. Following Conger v. State, 63 Texas Crim. Rep., 312.

**8.—Same—Bill of Exceptions—Practice on Appeal.**

Where objections to the evidence are not approved as facts by the court in approving the bill of exceptions, the matter can not be reviewed and this court can not look to the statement of facts in aid of the bill.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of knowingly sending a threatening letter, etc., the conviction was sustained by the evidence, there was no error.

Appeal from the County Court of Travis. Tried below before the Hon. R. E. White.

Appeal from a conviction of knowingly sending a threatening letter, etc.; penalty, a fine of $100.

The State's testimony showed that the letter, enclosed in an envelope addressed to the alleged party injured, and which came through the mail, reads as follows: "We are in need of money, and we want you to give us three hundred dollars and if you do not leave it where we tell you, we will kill you, and burn all your property. So you had better do what we tell you. Leave it at the corner post north from your gate, above your house by Bloomquist's new land. It must be there by the 7th of March, and if it is not there, we will do what we told you we would. You must put it there and not say nothing about it, for if you do, we will kill you anyway, so there it is up to you.

(Signed) Titus, Rex, Fletcher."

The letter was handed to the sheriff, and one of his deputies went out to the place of the alleged injured party and got a shot sack and placed a lot of iron knucks in it, tied a string around it and carried it to the corner of the field fence where the letter had stated to leave the money; that it was just dusk when he placed the sack at the corner of the fence; that he then went out into the cotton field a short distance and watched the road and the sack, and after dark, between

nine and ten o'clock, he could see some men coming up the road towards the sack, and as he raised they started to run, and he fired at them with bird shot and hit one of them, who hollowed and screamed and dropped his hat as he ran down the road; that the bag was gone which he had left there, and that thereupon, he went to a store, and taking some lanterns and a lot of men with him, he surrounded defendant's house; that defendant told him that if the hat the sheriff had had a buckle on the band, he would know whose it was; that defendant looked at the hat and said it belonged to one of his codefendants; that the sheriff and his party together with defendant then went over to the codefendant whom they found lying down, shot and bloody. Whereupon, he arrested defendant and his two codefendants; that while he could not positively identify the men, that from his position on the ground at the time, he could see them fairly well by the skylight and that to the best of his knowledge, the defendant and his codefendants were the men he fired at.

There was a great deal of circumstantial evidence by the State, to the effect that defendant and his codefendants grubbed ground and burned brushes near the field of the alleged injured party; that they were seen together shortly before this occurrence, etc.

The defendant's testimony tended to prove an alibi and showed that he could neither read nor write, and he denied that he ever caused any such letter to be sent to anyone; that his codefendants could neither read nor write and had nothing to do with the alleged letter, etc.

*Dickens & Dickens*, for appellant.—On the question of nonfiling of the complaint: Article 467, Code Criminal Procedure; Sprowles v. State, 143 S. W. Rep., 622.

On question of cross-examination of defendant's wife: Jones v. State, 51 Texas Crim. Rep., 772, 101 S. W. Rep., 993; Jones v. State, 38 Texas Crim. Rep., 87.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was convicted for knowingly sending a letter threatening to kill, and to burn the property of one Almquist. He was convicted and given the lowest penalty, a fine of $100.

The prosecution was by complaint and information. The complaint was made by Geo. S. Matthews and sworn to before John E. Shelton, County Attorney of Travis County. The information was made by Mr. Shelton as said county attorney and states in its face that it was based "on the oath of George S. Matthews, a competent and credible person herewith filed."

In making out the transcript for this court the clerk, in accordance with the instructions of appellant's attorneys, did not copy, as a part of the record, said complaint, because it was claimed that while it was

with the file papers of the cause it did not have the file mark of the clerk thereon. The Assistant Attorney-General by agreement with appellant's attorneys, instead of having a certiorari, had sent up to be considered as a part of the record, if it could legally be done, a properly certified copy of this complaint. The appellant for the first time, in this court, raises the point that the said complaint had no file mark thereon. He did not in any way in the lower court make a motion to strike it out, quash it; or to strike out or quash the information, nor did he make a motion in arrest of judgment on that account, nor is there any bill of exceptions in the record raising the point. The clerk of the court below should have included, under the circumstances, said complaint as a part of the record, so that this court could pass upon the question instead of himself, or the appellant's attorney doing so. This, in our opinion, would be the proper practice. No reflection is intended upon either the clerk or appellant's attorney in the matter. They both, doubtless, acted upon what they believed to be correct.

In our opinion appellant's contention now made that this conviction can not be sustained because of the want of a file mark on the said complaint is incorrect on four distinct grounds; first, that the question can not be raised in this court for the first time; second, that under the facts disclosed the statement by the county attorney in the information that the information is based on the said affidavit, which was filed therewith, was sufficient; third, that no possible injury is shown to the appellant by the file mark not being placed thereof, even if it was not placed thereon; and, fourth, that the only proper way to raise the question in the court below and present it here was by bill of exceptions showing the facts. State v. Elliott, 41 Texas, 224; Goss v. State, 40 S. W. Rep., 263; Kennedy v. State, 9 Texas Crim. App., 399; Schott v. State, 7 Texas Crim. App., 616; Stinson v. State, 5 Texas Crim. App., 31; Castleman v. State, 43 S. W. Rep., 994.

There appears in the record a short paper filed by appellant's attorneys which states that the defendant in open court excepts to the charge of the court in some particulars in very general language. It does not show on its face, or otherwise that even these objections were made at the time the court gave the charge to the jury and said paper was not approved by the judge below as a bill of exceptions or otherwise. So that it can not be considered for any purpose.

By another bill which shows to have been filed on December 12, 1911—the term at which the trial occurred having adjourned on November 25, 1911—appellant shows that in open court before a verdict was reached, the appellant excepted to the court's charge and filed the same in writing. After giving the style and number of the cause, and the court where pending, it is:

"Now comes the defendant in open court and excepts to the court's charge as same is not the law.

"That the court set out and read a purported letter to the jury in

his charge thereby laying great stress on same, and for the reason the court charges the jury on a conspiracy, and gives a wrong charge on conspiracy, and no indictment charging conspiracy or that defendant acted with any one; and failed to charge on defendant's not being able to read or write or set up any defense of defendant's."

These objections, or exceptions are too general to require this court to pass on them, even in a felony case, and certainly, are insufficient in a misdemeanor case, and especially when appellant requests no special charge on the subject to cure any of these claimed errors. Berg v. State, 64 Texas Crim. Rep., 612, 142 S. W. Rep., 884; Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W., 878, and authorities cited in said two cases.

The appellant has a bill of exceptions to the overruling of his motion for a new trial. He copies the motion therein of more than eight typewritten pages, containing seventeen separate and distinct grounds in his motion. The uniform holding of this court is that none of these separate grounds is thereby so raised as that we can pass upon it as a bill of exceptions.

In the motion for new trial there are several grounds attacking the charge of the court. These can not be considered by us. It is the well established rule in this State, as stated by Presiding Judge Davidson in Basquez v. State, 56 Texas Crim. Rep., 329, as follows:

"The motion for new trial contains four grounds, the first three of which criticise the court's charge on circumstantial evidence. This conviction is for a misdemeanor. The rule in misdemeanor cases is, in order to have the charge of the court reviewed, exception must be taken to the charges given, and that special instructions be requested such as are desired, otherwise this court, under the statute, will not revise supposed errors. It may be well enough to repeat here what was said in the case of Woods v. State, 75 S. W. Rep., 37: 'This being a misdemeanor case, omissions in the charge of the court must be cured at the time by special written charge requested by appellant. His failure to make such request, even though the omission in the charge be erroneous, will not authorize this court to reverse the case. However, appellant's counsel, in argument before this court, insists that article 723, Code of Criminal Procedure of 1895, has changed the rule with reference to misdemeanors. We have carefully examined this question, and, in our opinion, said article merely extends the time of exception to the charge of the court, but in no way cures the failure of the defendant in misdemeanors to tender special charges to the court at the time of the trial. Since the adoption of article 723 this question has been before this court several times, and in each instance we have held that the old line of authorities on the question of charge in misdemeanor cases still applied. Ramsey v. State, 65 S. W. Rep., 187; 3 Texas Ct. Rep., 359; Garner v. State, 70 S. W. Rep., 213; Bush v. State, 70 S. W. Rep., 550. For authorities under the old article, see White's Annotated Code of Criminal Procedure, article

719, section 813, subdivision 6.' See also Schoennerstedt v. State, 55 Texas Crim. Rep., 638, 117 S. W. Rep., 829. The only manner in which appellant presents his criticism of the charge is set out in motion for a new trial. He did not ask special instructions; at least, none are found in the record. Under this condition of things we are not authorized to review the alleged errors." It is unnecessary to cite other authorities because such is the uniform and unbroken line of decisions of this State in misdemeanor cases. The court gave, without qualification, every special charge that the appellant requested —five in number. The appellant made a motion requesting the court to give a peremptory instruction to find the appellant not guilty which the court correctly refused to give.

By several bills of exceptions appellant complains that the county attorney was permitted to ask the appellant's wife, whom he introduced as his witness, certain questions on cross examination on matters not brought out by him on her direct examination. None of these bills show any of her testimony on direct examination or what she testified on direct examination. The grounds of appellant's objections were that she was the wife of the appellant and that the county attorney could only cross-examine her upon matters brought out by him and that he asked no such questions or brought out no such matters. The rules about the preparation of bills of exceptions and what they shall contain have been so long and so well established by this court that it is needless to cite them again, but see Conger v. State, 63 Texas Crim. Rep., 312, 140 S. W. Rep., 1112, and section 857, p. 557, and section 1123, p. 732 of White's Annotated Code of Criminal Procedure, where some of the cases on this subject are collated. As stated above, none of these bills in any way show what the testimony of appellant's wife was on direct examination. Appellant's objections that the State could not cross her on anything not drawn out by him on her direct examination were stated as objections and are not approved as facts by the court in approving any of the bills. We can not look to the statement of facts in aid of the bill. None of the bills set out the proceedings within themselves so that we can tell whether or not the questions or any of them were improper.

We have carefully gone over and considered the statement of facts and in our opinion the evidence was amply sufficient to sustain the verdict of the jury.

There being no reversible error presented the judgment will be affirmed.

*Affirmed.*

[Rehearing denied May 8, 1912.—Reporter.]