## A. C. Ausbrook v. The State.

No. 2240.   Decided March 19, 1913.

Reinstated April 30, 1913.

**1.—Recognizance—Reinstatement of Appeal.**

Where the appeal was dismissed on account of a defective recognizance and the appellant afterwards filed a proper recognizance, the appeal is reinstated.

**2.—Selling Liquor Without License—Information.**

Where, upon trial of selling intoxicating liquors without license, etc., the information followed approved precedent, there was no error.

**3.—Same—Jury and Jury Law—Bill of Exceptions.**

Where defendant made a motion to discharge the regular jury on the ground that they had already tried a similar case, but the record showed that these cases were different from the one on trial, and besides, that none of the jurors objected to served on defendant's case, there was no error.

**4.—Same—Charge of Court—Accomplice.**

Where the court properly charged the jury on every issue raised by the evidence in a misdemeanor case, and the question of accomplice was not raised by the evidence and the court did not charge thereon, there was no error.

**5.—Same—Rule Stated—Officers—Detective—Accomplice.**

Where an officer or other party understands or is led to believe that a violation of the law is in contemplation or has occurred, and takes steps to detect that crime or procures evidence by which the guilty party may be punished, he is not an accomplice in law. Following Bush v. State, 151 S. W. Rep., 554, and other cases.

**6.—Same—Requested Charges—Charge of Court—Retail Dealer.**

Where, upon trial of selling intoxicating liquors without license, the court correctly charged that one sale would not constitute a retail malt liquor dealer, and the evidence showed more than two sales, and no special charges were requested, there was no error. Following Mansfield v. State, 17 Texas Crim. App., 468, and other cases.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of selling intoxicating liquors by retail without license; penalty, a fine of $250 and one day confinement in the county jail.

The opinion states the case.

*Walker & Williams,* for appellant.—On question of accomplice testimony: Dever v. State, 37 Texas Crim. Rep., 396; Steele v. State, 19 id., 425; Bush v. State, 151 S. W. Rep., 554.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of a misdemeanor. The State has made a motion to dismiss the appeal because

of an insufficient recognizance. The motion is well taken. The cause is dismissed.

                                                            *Dismissed.*


PRENDERGAST, JUDGE.—By proper complaint and information appellant was charged with the offense of selling intoxicating liquors capable of producing intoxication in quantities less than a gallon, without taking out a license as a retail malt dealer in the City of Dallas, which was not prohibition territory, but where such sales were prohibited in non-prohibition territory. His penalty was fixed at a fine of $250 and one day in jail.

At a former day of this term this case was dismissed for an insufficient recognizance. Since then appellant has entered into and furnished, as a part of the record of this case, a proper recognizance. His motion, therefore, to set aside the dismissal and reinstate the case is granted and the case is decided on its merits.

The count in the complaint and information which charged this offense and which alone was submitted by the court to the jury, and under which he was convicted, follows the law and forms that have been approved by this court and was correct.

The statute under which this prosecution was had provides: No person shall sell, directly or indirectly, malt liquor capable of producing intoxication in quantities of one gallon or less, without taking out a license as a retail malt dealer. And prescribes as a penalty, a fine of not less than $250 and no more than $500 and imprisonment in the county jail not exceeding ninety days. P. C., art. 612. Our statute further prescribes that said law shall not be construed to be in conflict with any local option law "now or hereafter" in force in this State. The City of Dallas, where this offense was charged to have been committed, was what is denominated by the law and popularly as non-prohibition territory. Said city, however, has prescribed certain limits thereof in which saloons or retail liquor dealers may sell by complying with the law and procuring a license and such sales are prohibited in the other portions of said city. In other words, saloon limits are prescribed and retail liquor dealers can sell only within such prescribed district and everyone is prohibited by this law from selling outside of such district or portion of the city. The sales which are alleged and proven in this case, were made in such prohibited district in the City of Dallas.

The appellant made a motion to discharge the regular jury of the week at the time on the grounds that this jury had already tried two other defendants and convicted them on the same character of offense and on the testimony of two certain witnesses who would be the only witnesses against appellant in this case. The court properly overruled this motion qualifying appellant's bill presenting it by stating: "There was an additional witness, Jim Peck, in this case. The defendant, Jess Howell, and Jacob Bush" (the parties against whom two verdicts of guilty had already been rendered) "were convicted of running entirely

different places. They did not have anything to do with each other and were in different parts of the City of Dallas, Texas." Besides, neither the bill nor the record shows that either of the jurors who tried the defendants in other cases mentioned were on the jury that tried this case.

The court gave a full, correct and apt charge, submitting for a finding every question that was properly raised by the law and the evidence in this case. He gave no charge on the subject of accomplice's testimony. The appellant requested a special charge on this subject, submitting the question of whether two of the State's witnesses were accomplices, and if so, a conviction could not be had upon their testimony without corroboration, etc. This question is not raised by appellant's complaints in such a way that this court is required to review this question in a misdemeanor case. (Byrd v. State, 151 S. W. Rep., 1068, and authorities there cited; Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317; Golden v. State, 66 Texas Crim. Rep., 262, 146 S. W. Rep., 945; Perkins v. State, 65 Texas Crim. Rep., 311, 144 S. W. Rep., 241; Ward v. State, 151 S. W. Rep., 1073. Even if we could consider the appellant's complaint on this point the evidence called for no charge on that subject. We have had occasion in several cases recently decided to investigate this question thoroughly and to decide when the evidence raised the question as to whether or not the witness, or witnesses, were accomplices. It is unnecessary to again herein discuss this question and cite the authorities. The cases we have decided fully discuss the point. (Holmes v. State, decided April —, 1913; Minter v. State, decided April 16, 1913, neither of which cases have been reported; and Bush v. State, 151 S. W. Rep., 554.) The principle held and announced in the cases cited above, and many other cases of this court, is to this effect: Where an officer or other party understands, or are led to believe, that the violation of the law is in contemplation, or has occurred and take steps to detect that crime or get evidence by which the guilty party may be punished, such witness would not be an accomplice. He is not an original party to bringing about the crime and is not guilty of originating or initiating it. In such case such witness' connection with it is after the inception of the crime and after it has been determined upon, and he then only gets into it as a detective or for the purpose of arresting and bringing the guilty party to punishment. The evidence in this case shows that these witnesses were not accomplices, but were embraced within the principle above announced.

Appellant's only other charge was clearly upon the weight of the evidence of certain witnesses and should not have been given.

The court by his charge not only required the jury to believe beyond a reasonable doubt that the appellant had made the two specific sales alleged in the complaint and information, but specifically told them that one sale would not constitute a retail malt dealer. The evidence not only shows these two sales but others, all along about the same time that he is charged with the commission of this offense. This charge in

this character of a misdemeanor case was sufficient and correct. Mansfield v. State, 17 Texas Crim. App., 468, and the cases of Giles, Golden, Perkins and Word above cited. Appellant requested no special charge on this subject.

None of appellant's complaints to the charge of the court present any reversible error. The judgment will be affirmed.

*Affirmed.*