## JOHN A. TUCKER v. STATE.

No. A-1607.   Opinion Filed June 7, 1913.

(132 Pac. 689.)

1.  **INTOXICATING LIQUORS—Prosecution—Evidence—License.** (a)
Where a defendant is prosecuted for having in his possession in-
toxicating liquors with intent to sell the same and the state offers
evidence that the defendant had paid for and obtained a United
States revenue license as a liquor dealer, such license will not be
admissible in evidence unless it covers the period of time within
which it was proven that the defendant was in possession of such
liquors.

   (b)   The fact that a defendant may have paid for and ob-
tained a United States license as a liquor dealer is prima facie
evidence of the intention on the part of the defendant to sell
liquors within the period of time covered by said license, and
does not create any presumption against the defendant as to any
other time.

2.  **TRIAL—Prosecution—Evidence—Ground for Reversal.** (a) Where
a defendant is upon trial charged with having possession of in-
toxicating liquors with intent to sell the same, it is not competent
for the state to prove that intoxicating liquors were delivered to
other persons without first producing some evidence showing that
such other persons were connected with the defendant.

   (b)   If courts permit incompetent evidence to be introduced
against a defendant upon the promise of the prosecuting attorney
to subsequently show that such evidence is admissible, and the
admissibility of such evidence is not afterward shown, and it ap-
pears from the whole record that such evidence was of a material
and injurious character, the error of the court in admitting such
testimony will not be cured by the subsequent action of the court
in striking such testimony out, and in instructing the jury not
to consider the same in their deliberations, and in such a case a
new trial should be granted to the defendant.

3.  **APPEAL—Brief—Citations.** In preparing briefs, where counsel
cite the decisions of this court or of the Supreme Court, they
should also give the volume and page of the Oklahoma report
upon which such decision will be found.

(Syllabus by the Court.)

*Appeal from Superior Court, Grady County;*
*Will Linn, Judge.*

John A. Tucker was convicted of violating the prohibitory law, and he appeals. Reversed.

*Barefoot & Carmichael,* for appellant.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

FURMAN, J. First. Upon the trial of this cause the state was permitted to show that the appellant had paid the special tax and had obtained a United States retail dealer's license to sell intoxicating liquors from the 10th day of December, 1909, to the 30th day of June, 1910, and had also paid the tax and obtained a license from the United States government as retail liquor dealer from the 19th day of July, 1910, to the 30th day of June, 1911.

The facts upon which this prosecution is based occurred on September 9, 1911, long after the time covered by the licenses introduced in evidence had expired. To the introduction of this evidence appellant objected and reserved an exception. The court instructed the jury touching this matter as follows:

"You are instructed, gentlemen of the jury, that I have permitted the introduction of the certificates from the Internal Revenue Department showing that the defendant had paid the special tax required by the laws of the United States for the privilege of engaging in the business of a retail liquor dealer for the years 1909-10-11. While ordinarily under the law, gentlemen, the possession of such licenses are *prima facie* evidence of the guilt of the defendant, still in this case the proof shows that the licenses were issued and expired prior to the date of the alleged crime as charged in the information and therefore they are not *prima facie* evidence of the guilt of the defendant, and alone are not sufficient to warrant a conviction in this case, but only permitted to be introduced as a circumstance that you may consider with the other evidence in arriving at your verdict."

In permitting the introduction of the evidence complained of, and in giving the above instruction, the court erred.

In the case of *Harry Deeds v. State,* 4 Okla. Cr. 210, 111 Pac. 667, in discussing this question, this court said:

"We think the ruling was erroneous. This prosecution was instituted under the prohibitory provision of the Constitution separately submitted to a vote of the people. It is there provided that the payment by any person of the special tax required of liquor dealers by the laws of the United States shall constitute *prima facie* evidence of such person's intention to violate said section. Undoubtedly this provision should be construed so as to give the payment of such tax only a prospective and not a retroactive effect as evidence; that is, that the payment of such special tax shall be *prima facie* evidence of the party's intention thenceforth, so long as the license shall remain in force, to violate said provisions of the law, and not that it shall be evidence of his intention to do so theretofore. *Snyder v. State,* 78 Miss. 366, 29 South. 78. We think the language of the provision will bear no other interpretation, and certainly the reason and philosophy of it exclude any other. The provision is based upon the legitimate presumption that a person will not procure a license to sell intoxicating liquors unless he intends to sell them; that he will not voluntarily expend money for a useless thing; and that, when he pays the special tax and procures the license required of liquor dealers, he intends to do what the license authorizes him to do, namely, sell liquor during the licensed term. Woolen & Thornton's Law of Intoxicating Liquors, sec. 972. The license is not retroactive, and its subsequent issuance is no authority for a sale made prior to the payment of the tax. *United States v. Angell* [C. C.] 11 Fed. 34. If there had been any evidence from which the jury could legitimately have found that the sale in question was made on or after April 28, 1909, the day the special tax was paid, then the certified copy in question would have been competent and admissible under an instruction from the court that it should be considered by the jury only if the transaction in question took place after the payment of the tax; but in this case there was no such evidence. The date of the sale was definitely fixed by the prosecution at 23 days before the payment of the tax; and under such circumstances the court erred in admitting the certified copy in evidence."

Joyce on Intoxicating Liquors, sec. 683, speaking of the inadmissibility of internal revenue licenses, says:

"To render the evidence of such licenses admissible it is essential that each shall cover the period within which the offense is alleged to have been committed."

In the case of *Schoennerstedt v. State,* 55 Tex. Cr. R. 638, 117 S. W. 829, the Court of Criminal Appeals of Texas said:

"The license would not be admissible as evidence, or the fact that it was posted up would be equally inadmissible, if, as a matter of fact, the license did not cover the time involved in this transaction."

Second. Over the objection and exception of appellant and upon the promise of the county attorney to connect appellant therewith, the state was permitted to prove that large quantities of whisky were delivered to persons by the names of J. Johnson, R. Jones, and C. Conner. When the testimony was all introduced, counsel for appellant made a motion to exclude the same upon the ground that appellant had not been connected therewith. Whereupon the court instructed the jury as follows:

"Gentlemen, as to the evidence of the witnesses Crews, Ramsey, and White, all of Crews' and Ramsey's and that portion of Wilmouth's evidence wherein he testified with reference to the receipt and delivery of whisky and beer to C. Conner, R. Jones, and J. Johnson, should be excluded, and you will not consider the same. You are also instructed that that portion of his evidence in regard to testifying to hauling five or six barrels that was taken from him and Mr. Edwards marked C. Conner, you must not consider that evidence. Also, as to the evidence of the witness Ramsey, as to the names that were on the barrels that the officers took from Edwards and Crews, and that portion of Mr. Wilmouth's testimony where he testified as to certain shipments being received at the Frisco Railroad Company's office here addressed to J. Johnson, C. Conner, and R. Jones, as the state had introduced no proof to connect the defendant with these shipments."

This court has frequently condemned the practice of permitting the introduction of testimony without first connecting the defendant therewith, and we desire now to repeat what we said on this subject in the case of *Thompson v. State,* 6 Okla. Cr. 50, 117 Pac. 216, as follows:

"It is true that at the time that this evidence was introduced the state had not offered any evidence of a conspiracy between appellant and his codefendant, Tom Gillstrap, to kill the deceased, and the evidence was admitted upon the promise of the state to connect this testimony with the defendant. We think that this is a dangerous practice, and should not be encouraged. If the state is permitted to get incompetent evidence before a jury upon the promise of a prosecuting attorney to connect it with the defendant, and he fails to do so, impressions may be made upon the jury which it would be difficult, if not impossible, to destroy by instructions from the court that they should not consider such testimony. In the case of *Sturgis v. State,* 2 Okla. Cr. 385 [102 Pac. 66], this court said: 'In the case of *Devore v. Territory of Oklahoma,* 2 Okla. 565, 37 Pac. 1092, it was held that such evidence might be introduced before there was any evidence of such acting together by the defendant and the persons whose acts and statements were so admitted in evidence, upon the promise of the county attorney that such acting together will subsequently be shown.' To prevent what we conceive to be questionable practice in the future, we would advise the trial courts against pursuing this course. The safe rule is to require some evidence of such acting together before the acts and declarations of others concerned in the commission of an offense are admitted in evidence, when such acts were not committed or statements were not made in the presence of the defendant. If it is made to appear to this court that incompetent and damaging testimony has been introduced against a defendant upon a promise of a prosecuting attorney to subsequently connect this testimony with the defendant, and this connection is not made, we would feel strongly inclined to reverse a conviction upon the ground that the jury may have been influenced by such improper testimony, notwithstanding the instructions of the court that they should not consider it. We know that promises to connect testimony are often made in

good faith when through overzeal counsel may be mistaken as to the effect of the testimony by which they expect to make this connection. Upon the other hand, it gives attorneys who are indifferent as to the means by which they get a verdict an opportunity to inflict irreparable injury upon their opponents. If trial courts will persist in allowing testimony to be prematurely introduced upon the ground that the competency of such testimony will be made to appear, they do so at their peril. If the competency of the testimony is subsequently made to appear, the error will be immaterial and harmless; but, if this is not done and the testimony is material and damaging to a defendant, we doubt if any instructions by a trial court could do away with the injury which has been done to a defendant by such testimony, and a new trial should be granted."

It is contended on the part of the Assistant Attorney General that the appellant is an old and confirmed offender, and that upon this ground, and as there is some evidence in the record tending to establish his guilt, this conviction should be sustained. We have always held that, where the guilt of a defendant is clearly established by the evidence, a conviction will not be reversed on account of the introduction of incompetent evidence which reasonably could not have influenced the action of the jury in finding him guilty. But this rule does not apply in cases in which the incompetent evidence is of a highly injurious character and which may have influenced the jury in finding the defendant guilty. It is true that the records of this court do show that appellant is a confirmed offender, but he should not be convicted on general principles. Every citizen of Oklahoma, whether guilty or innocent, has the constitutional right to have a fair trial, it matters not whether the crime with which he is charged be great or small. See *Tegeler v. State, ante,* 130 Pac. 1164, decided at the last term.

On account of the errors heretofore pointed out, the judgment of the lower court is reversed, and a new trial is awarded.

ARMSTRONG, P. J., and DOYLE, J., concur.