# JAMES MONTGOMERY v. STATE.

No. A-2043.   Opinion Filed September 9, 1914.

(142 Pac. 1048.)

1. **INTOXICATING LIQUORS** — Prosecution — Proof. (a) In the prosecution of a person charged with selling intoxicating liquor, proof of the sale as charged is all that is required. Intent is conclusively presumed when the sale is proved.

   ·(b) The introduction of proof tending to show the payment of the special tax required of retail liquor dealers adds nothing to the state's case when the information charges a sale of intoxicating liquor, and it is doubtful if such proof should be admitted on account of the entanglements that are likely to arise to the prejudice of the state.

2. **APPEAL—Harmless Error—Admission of Evidence.** When the trial court permits the introduction of proof tending to show the payment of the special revenue tax and charges the jury that although the payment of the tax is proved and constitutes prima facie evidence of intent upon the part of the party paying such tax to violate the law, but that before they can find him guilty they must find beyond a reasonable doubt that he did violate the law, this court will not ordinarily reverse a conviction.

3. **EVIDENCE** — Character of Accused—Rebuttal—Revenue License. When an accused puts his reputation as a law-abiding citizen in issue, the state is entitled to show that he has paid the special revenue tax for the purpose of rebutting the presumption that such person is a law-abiding citizen of unimpeachable character.

4. **INTOXICATING LIQUORS—Prosecution for Unlawful Sale—Issues.** County attorneys should not jeopardize the rights of the state by permitting these issues to be injected into a sale case, especially when they have a clear-cut issue well established.

5. **APPEAL—Ground for Reversal.** When a careful review of the entire record indicates that the judgment appealed from is just and no prejudicial injury resulted from the manner in which proof was introduced, this court will not reverse the conviction.

(Syllabus by the Court.)

*Appeal from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

James Montgomery was convicted of selling intoxicating liquors, and appeals. On rehearing, reversed.

*James S. Twyford,* for plaintiff in error.

ARMSTRONG, P. J.   The plaintiff in error, James Montgomery, was convicted at the March, 1913, term of the county court of Oklahoma county on a charge of selling intoxicating liquors and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 90 days.   The issues of fact are clear-cut.   The prosecuting witness testified that he bought two bottles of beer from the accused and paid him 50 cents therefor.   The accused denied having made the sale.   Impeaching testimony was introduced as to the prosecuting witness.   The accused offered testimony as to his good character, and the state introduced testimony to show that accused had, prior to the commission of the offense, paid a special internal revenue tax and secured a retail liquor dealer's license.   The offense is alleged to have occurred in October, 1912.   The license secured by the accused expired in July, 1912.

The sole and only assignment argued for reversal of this judgment is that the trial court erred in permitting the introduction of the proof of the payment of the special tax to the United States government, and it is insisted that under the doctrine laid down in *Tucker v. State,* 9 Okla. Cr. 555, 132 Pac. 689, the judgment should be reversed for that reason alone.   Upon a careful review of the record we are unable to conclude that this judgment should be reversed on that contention.   That the evidence complained of was not admissible at the time it was offered by the state there can be no doubt; in fact, it is doubted whether this class of testimony is admissible on a charge of selling intoxicating liquors.   Intent is conclusively presumed when the sale is proved and the introduction of the internal revenue license adds nothing, as the question of intent is not an issue in the class of cases we are now considering.

The court in instructing the jury told them that the payment of the special tax constituted *prima facie* evidence of an intention upon the part of the party paying such tax to violate the law, but that before they could find the defendant guilty they must find from the evidence beyond a reasonable doubt that he did violate the law as charged in the information.   There

is no occasion for county attorneys taking the chances necessarily incident to the introduction of this kind of testimony. In this case, however, the accused placed his good reputation as a law-abiding citizen in issue, and we are of opinion that the fact that he had paid the license was admissible for the purpose of meeting the issue raised by him. The jury had all the witnesses before them and all the facts, and the question of their credibility and the sufficiency of testimony, when there is any competent testimony, is exclusively for them under our system of jurisprudence. The people of this state have, through their lawmakers, chosen to place this responsibility on the jury and it is solely theirs. The courts have no right to repeal these statutes that no one has ever contended were improperly passed. The power of both the trial and appellate courts has been limited by the Constitution and statutes of the state, and this court is not responsible for these enactments. Whatever injustices may arise by reason of these provisions, if any, are not chargeable to us. It is our duty to enforce the law as we find it, and not to re-enact it by judicial construction to suit the wishes of the bar.

We are unable to determine, from a careful review of the record, that the judgment of the trial court should be reversed on account of errors of law.

It is therefore affirmed.

DOYLE, J., concurs. FURMAN, J., absent on account of illness.

## ON REHEARING.
### REVERSED.

PER CURIAM. It is contended, on rehearing in this case, that this court overlooked a question which is fatal to the judgment.

During the progress of the trial, counsel for the plaintiff in error called as a witness one Strimple, and offered his testimony upon a material issue. The court excluded the testimony of the witness upon the ground that there was a case pending in court

against said witness, and that to permit him to testify in the case at bar would, in the judgment of the trial court, grant immunity to the witness. The court said, among other things:

"* * * The court does not desire to grant him immunity from that case by reason of testifying in this case, and for that reason the witness is not permitted to testify."

Counsel for Montgomery stated to the court that he was also counsel for Strimple and that he was not seeking immunity for Strimple, but desired his testimony in order that justice might be done Montgomery. The court again denied the request and exceptions were allowed.

We are of opinion that the contention of counsel that this action upon the part of the court is fatal to the judgment, is correct. Under the law in this state, as announced by this court in the case of *Scribner v. State,* 9 Okla. Cr. 465, 132 Pac. 933, it would have been necessary for Strimple to testify under coercion by the court before he would be entitled to immunity from prosecution. If he became a voluntary witness he would not be entitled to immunity in any event. Montgomery was entitled to his testimony, and the only way to deprive him of that right was for Strimple to claim the exemptions provided by the Constitution and laws of the state, and establish the same to the satisfaction of the court. This would be true, taking the most favorable view of the matter from the standpoint of the state. Under the facts disclosed by the record the court should have permitted the testimony to be given.

The doctrine announced in the original opinion is, however, the law of the land. That opinion is modified only in one respect, to wit, the judgment is reversed for the reasons herein given instead of affirmed, and the cause remanded to the trial court.