PAUL SCUDDER v. THE STATE.

No. 6930.  Decided May 3, 1922.

**Misdemeanor Theft—Accomplice—Want of Corroboration.**

Where, upon trial of misdemeanor theft, the accomplice testimony was not sufficiently corroborated, the conviction could not be sustained.

Appeal from the County Court of Hopkins.  Tried below before the Honorable Homer L. Pharr.

Appeal from a conviction of misdemeanor theft; penalty, ten days confinement in the county jail.

The opinion states the case.

*Grover Sellers,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for appellant.

LATTIMORE, JUDGE—Appellant was convicted in the County Court of Hopkins County of misdemeanor theft, and his punishment fixed at ten days in the county jail.

Our Assistant Attorney General has suggested in the State's brief that the evidence is insufficient to support the conviction because of a lack of corroboration of an accomplice witness.  We have examined

the record and are of opinion that the suggestion is in line with the facts. It appears from the record that an army overcoat was stolen from its owner and that one Roy Harrison admitted upon the trial of this case that he stole same, and it further appears that he had pleaded guilty to said theft and was engaged in serving out his sentence therefor. Harrison testified that this appellant and another boy acted with him in the commission of the theft. We have carefully examined the testimony of each other witness in the record. There was testimony on the part of a young lady that on the night of the alleged theft she saw this appellant at another party given in the neighborhood, and that he was wearing an army overcoat. Another witness for the State testified that in the town of Brashear, the morning after the alleged theft, he saw appellant wearing an army overcoat and saw him pull it off and give it to Roy Harrison. Appellant testified that he and a friend of his were at the party where the alleged theft of the overcoat was committed, and that as they left the house in their car Harrison swung on the running board and asked them to stop down by some weeds; that he had taken an overcoat belonging to one Mooney as a joke and wanted them to let him put the overcoat in the car. Appellant said they stopped the car and let Harrison put the overcoat, which he supposed belonged to Mooney, in it. It was shown that a young man named Mooney was at the party. Appellant further testified that after leaving the party at Mr. Mann's, where the alleged theft occurred, he and his friend went to another party, and that before getting there he put on the overcoat which he supposed to be Mooney's and had it on at said place. He also testified that the next morning he put the overcoat on and wore it to Brashear, and that he there met Harrison on the street and Harrison told him that he wanted it and that he pulled it off and gave it to him. Appellant proved a good reputation by a number of his neighbors, and there appears nothing in the record in anywise to contradict his explanation of his possession of the overcoat, if in fact it was shown to be the one which Harrison had stolen.

Believing the evidence insufficient to support the conviction, a reversal is necessary, and it is so ordered.

*Reversed and remanded.*