JESSE STERLING v. THE STATE.

No. 6995.  Decided February 28, 1923.

**Procuring—Insufficiency of the Evidence—Want of Corroboration—Accomplice.**

Where upon trial of procuring, the conviction depending upon accomplice testimony, upon which the court correctly instructed the jury, the evidence being insufficient to tend to connect the accused with the offense charged, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Tarrant. Tried below before the Honorable P. W. Seward.

Appeal from a conviction of procuring; penalty, a fine of $50, and thirty days confinement in the county jail.

The opinion states the case.

*Baskin, Dodge & Beene,* for appellant.—Cited Kennedy v. State, 216 S. W. Rep., 1086.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at law of Tarrant County of procuring, and his punishment fixed at a fine of $50 and thirty days in the county jail.

The principal State witness was an officer in the city of Fort Worth who went down to the hotel at which appellant was employed as porter, went in and accosted the appellant and told him that he wanted a room and was told to register, he asked what it would cost and was told a dollar, which he paid and, according to his own testimony, he then asked appellant, "Have you got any women here?" and appellant told him that he had and would get him one. This witness further testified that later a woman came to his room and that he asked her what her

price was and that she told him, but that she was in a hurry and could not stay with him at that time but would come back later, and she left and he left.

The trial court correctly instructed the jury that said officer was an accomplice. The question is raised as to the sufficiency of the testimony. Where the State relies for a conviction upon the testimony of an accomplice, it is always proper to tell the jury, as was done in this case, that a conviction can not be had on such testimony unless there be other evidence in the case than that of said accomplice, which of itself tends to connect the accused with the commission of the offense. It is a well known method of reasoning in cases wherein the court is called upon to determine if the testimony exclusive of that of the accomplice be sufficient to corroborate him, that we omit from our consideration the testimony of said accomplice and consider and sift the remaining testimony to see if it point to the guilt of the accused. We have done so in the instant case. Appellant was unquestionably employed at said hotel as a porter. The woman whom it is charged that he allured and procured for illegal purposes, was shown by the uncontradicted testimony of a number of witnesses to be a woman of good reuptation for virtue and chastity and to be a working woman. She testified in behalf of appellant and swore that he came to her room and told her that there was a gentleman in room 14 who said he knew her and wanted to see her. She said she went to the door of room 14 and observing the officer in there, and that he was a strange man, she asked him what it was that he wanted, and according to her testimony he made some proposals to her which she rejected, and whereupon she went back to her room and left the hotel. Appellant testified that the officer came to the hotel and registered, and that he was accompanying said officer to the room assigned to him when said officer saw the woman in the case and said to appellant that he believed he knew her and would like very much to see her. Appellant said he told the officer he would go and inform her of this fact, which he did. The only State witness who testified aside from that of the officer above mentioned was a policeman, who testified that on the date in question the officer above mentioned met him on Sixth Street and said, "Let's go up" and that he went up into the hotel above referred to and arrested the appellant. He further testified that he did not see the woman in question in the hotel at that time but did see her on another occasion; that appellant was employed as porter at said hotel. He gave in evidence no circumstance tending to corroborate the State's accomplice witness. We have gone through this record carefully and find ourselves unable to assent to the proposition that there is testimony aside from that of the officer mentioned, which tends to connect the accused with the offense of procuring or alluring a female to come to a room in the Endicott hotel in Fort Worth for illegal sexual purposes.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*