### Ted Woods v. The State.

No. 7677.   Decided March 21. 1923.

Rehearing Granted April 25, 1923.

1.—Public Highway—Throwing Tacks—Certiorari.

Where appellant made application for a writ of *certiorari* because the statement of facts was not copied in the transcript, it being a misdemeanor case, and because his statement was not approved by the trial judge, etc., the application in the instant case is not sufficient and cannot be granted.

2.—Same—Rehearing—Accomplice—Corroboration.

Where, upon trial of throwing tacks upon the public highway the conviction depended upon testimony of accomplices which is not sufficiently corroborated, the conviction cannot be sustained; besides, the court failed to instruct the jury on the question of accomplice testimony of a certain other witness who was clearly an accomplice. Following Wallace v. State, 63 Texas Crim. Rep., 611, and other cases.

Appeal from the County Court of Gray. Tried below before the Hon. John B. Ayres.

Appeal from a conviction of throwing tacks upon the public highway; penalty, a fine of two dollars, and sixty days confinement in the county jail.

*Ledbetter & Reynolds* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Gray County of throwing tacks upon a public highway, and

his punishment fixed at a fine of $50 and sixty days imprisonment in the county jail.

This case is before us at this time upon appellant's application for a writ of certiorari. Said writ is asked upon the following grounds:

"1. The original statement of facts have been filed in this Honorable Court, and not copied in the transcript as required by law.

2. The statement of facts as filed does not show that the trial judge approved the same.

3. The transcript as filed in this Honorable Court does not show that the trial judge approved and ordered filed bill of exception No. 2, (page 13 Tr.)

4. The transcript does not bear the signature of the trial judge overruling defendant's motion for a new trial.

5. The transcript as filed does not bear the signature of the trial judge approving defendant's bill of exceptions No. 1, and ordering same filed as a part of the record, (Tr. 12)."

The office of a writ of certiorari is to perfect a record, that is, to require the putting into the record of something which is satisfactorily shown to have been erroneously omitted, or to correct something shown to be incorrect. Reverting to the various propositions presented in appellant's motion or application for certiorari, we observe that this court has held that it is not necessary that the statemen of facts in a misdemeanor case be copied in the transcript. A statement of facts in a misdemeanor case can be brought before this court separate and apart from the transcript. This court would not grant a writ of certiorari to compel the clerk of the court below to go to the needless touble of copying into the transcript a statement of facts, in any case.

The second ground of appellant's motion is that the statement of facts does not show that the trial judge approved same. A statement such as this can not form the basis of a grant of this writ. As far as we are informed the trial judge was not compelled by law or as the result of any facts stated, to approve the statement of facts.

It is stated in appellant's other grounds of his motion that the transcript does not show that certain bills of exception were approved by the trial judge. There is no showing or attempted showing of any facts upon which we could grant the writ on this ground. It is not shown that said bills of exception were presented to the trial court and that he improperly refused to approve them. If such had been the case appellant is given his right to a bystanders' bill, or to make sufficient showing here that he has been deprived of his bill of exceptions.

The signature of the trial judge to the order overruling appellant's motion for new trial would not be held necessary if the transcript contained the certificate of the clerk of the lower court showing that

there was entered and incorporated in the minutes of the court a judgment overruling such motion.

We regret that none of the matters contained in this motion are presented in such manner as that this court is authorized to grant the relief prayed for.

Appellant's motion for certiorari will be overruled.

*Overruled.*

LATTIMORE, Judge.—Appellant was convicted in the County Court of Gray County of throwing tacks upon a public highway, and his punishment fixed at a fine of $50 and sixty days confinement in the county jail.

A witness named Cousins testified that on the night in question he drove a car in which appellant and a number of other boys were and that the party purposely scattered tacks in a public road in Gray County. The matter of so doing was discussed among them before they left McLean, and witness drove his party to the place where they got the tacks, knowing that they intended to get them, and he was present driving the car when they scattered the tacks in the road. No other witness testified to the presence and participation of appellant in the placing of said tacks in said road, and the only other testimony offered on behalf of the State was that of two gentlemen who stated that they found quantities of tacks in said road.

The Legislature of our State has seen fit to write into the body of our laws a statute that forbids the legal conviction of a citizen upon the testimony of an accomplice unless such testimony be corroborated by other evidence tending to connect the accused with the commission of the crime, and it is expressly stated that such corroborating evidence is not sufficient if it merely shows the commission of the offense. Art. 801, Vernon's C. C. P. Measuring the sufficiency of the testimony in the instant case by the rule laid down in said statute, we are forced to conclude that the evidence is not enough. The testimony of the two witnesses who found tacks in the road went only to show that an offense had been committed. It pointed to no one as the guilty agent. The only other testimony in the record is that of the accomplice. Analysis and argument could make no plainer the necessary application of the statutory rule mentioned.

Appellant asked the court to instruct the jury that State witness Cousins was an accomplice, and in applying the law of accomplice testimony the court refused, but instead submitted to the jury the question as to whether said witness was an accomplice. We are of opinion the court should have instructed the jury affirmatively that said witness was an accomplice. It is well settled that the law of accomplice testimony applies in a misdemeanor case. Merritt v. State, 10 Texas Crim. App. 402; Wiley v. State, 33 Texas Crim.

Rep. 406; Deary v. State, 62 Texas Crim. Rep. 352; Wallace v. State, 63 Texas Crim. Rep. 611.

For the errors above mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*