## T. E. Reynolds v. The State.

### No. 8936.   Delivered April 29, 1925.

**1.—Adultery—Evidence—"Habitual" Carnal Intercourse—What is Not.**

Where on a trial for habitual carnal intercourse, constituting the offense of adultery, the only evidence of the state was that of the alleged paramour, who, she testified, had intercourse with her about half a dozen times during the winter of 1922-23. was not sufficient to establish "habitual" carnal intercourse. Following Wallace v. State, 63 Tex. C. R. 611 and other cases.

**2.—Same—Evidence—Corroboration of Paramour.**

In a prosecution for adultery a conviction cannot be sustained on the uncorroborated testimony of the alleged paramour. when she is used as a witness by the State. Following Merritt v. State, 10 Tex. C. A. 402; Price v. State, 64 Tex. C. R. 448.

Appeal from the County Court of Denton County.  Tried below before the Hon. Brent C. Jackson, Judge.

Appeal from a conviction for adultery; penalty, a fine of $350.00. The opinion states the case.

*W. R. Parker,* of Ft. Worth, Attorney, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the County Court of Denton County for the offense of adultery, under an indictment charging that he had habitual intercourse with this alleged paramour, and his punishment was assessed at a fine of $350.00.

His alleged paramour was the principal State witness, and she testified that he had intercourse with her about half a dozen times during the winter of 1922-1923. This was all the testimony as to the number of acts, or in fact of any acts of intercourse.

The State's Attorney confesses error, in that the evidence is insufficient to show habitual carnal intercourse, and cites Wallace v. State, 63 Tex. C. R. 611, in support of his view. The State's Attorney is correct. The evidence is wholly insufficient. Boswell v. State, 48 Tex. C. R. 47; Collins v. State, 46 Tex. C. R. 550.

Our State's Attorney also calls attention to the fact that the alleged paramour is not corroborated. A conviction for adultery can not be sustained on the uncorroborated testimony of the alleged paramour, when she is used as a witness by the State. Merritt v. State, 10 Ap. 402; Price v. State, 64 Tex. C. R. 448.

We have examined the record very carefully, and fail to find therein any testimony that in any manner corroborates the alleged paramour as to any act of intercourse.

Because the evidence is wholly insufficient, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.