## M. B. CARR v. THE STATE.

No. 17559. Delivered May 8, 1935.

The opinion states the case.

*Bledsoe, Crenshaw & Dupree* and *Wm. H. Evans,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the law regulating motor vehicles operated for hire upon the public roads; punishment, a fine of $100.00.

The complaint in this case charged that appellant unlawfully engaged in the business of transporting persons, to-wit: Horace Edwards and another person unknown,—for hire in a motor vehicle over the public roads of this State, as a contract carrier, without having obtained a driver's license, and without having displayed and firmly fixed on each end of his car identification plates, etc. The State used as its chief witness Horace Edwards. Appellant insisted and now insists that Edwards was an accomplice witness. Appellant not only excepted to the refusal of the trial court to instruct the jury that Edwards was such accomplice witness, but he also presented a requested instruction asking that the jury be so told, which was refused.

In our opinion the witness Horace Edwards was an accomplice, and the trial court erred in not so instructing the jury. Said Edwards testified that he went to Lubbock from his home in Tahoka to induce this appellant to make a trip to Fort Worth and convey said Edwards for hire upon said trip. He testified: "My father gave me that $5.00 to do the very thing I have testified that I did here, and he told me to do it, and I came up here for that purpose. I knew that I was going to

use this $5.00 for the purpose of getting M. B. Carr to go to Fort Worth; we had planned that before I left Tahoka. * * * It was all agreed beforehand between me and my father that I would come up here and try to get M. B. Carr to make that trip. I agreed with my father before I came to Lubbock to register under an assumed name at the Lubbock Inn."

This witness further testified that in accordance with instructions from his father,—an employee of the Railroad Commission and stationed at Tahoka, Texas,—he went from Tahoka to Lubbock where appellant lived, and registered at the Lubbock Inn under the assumed name of E. M. Ross; that he then inquired for this appellant, and failing to find him that night, went the next morning and made further inquiries, and found appellant and told him he wanted to go to Fort Worth, and wondered if appellant was going to take anybody down there, and if so if he would take him as a passenger. He asked appellant what he would charge to take him to Fort Worth, and was told the charge would be $5.00. Witness wanted to pay appellant at that time, but the latter would not take the money, but later did.

One who receives money with which, in accordance with an agreement, he brings about a violation of the law, is an accomplice, and when used as a witness against another who maybe in whole or in part induced by him to commit a crime,— must be corroborated in order to support conviction. Wright v. State, 7 Texas App., 574; Allison v. State, 14 Texas App., 122; Steele v. State, 19 Texas App., 425; Dever v. State, 37 Texas Crim. Rep., 396; Bush v. State, 68 Texas Crim. Rep., 299; Ausbrook v. State, 70 Texas Crim. Rep., 289; Davis v. State, 70 Texas Crim. Rep., 524; Sterling v. State, 93 Texas Crim. Rep., 527; Chandler v. State, 89 Texas Crim. Rep., 599. The facts showing the activity of such witness in bringing about the commission of the offense, if clear and undisputed, put upon the trial court the duty to determine whether or not such witness is an accomplice. Smith v. State, 89 Texas Crim. Rep., 146.

The law of accomplice testimony applies in misdemeanor cases as in felonies. Scudder v. State, 91 Texas Crim. Rep., 636; Woods v. State, 94 Texas Crim. Rep., 274; Reynolds v. State, 100 Texas Crim. Rep., 508.

The trial court having both failed and refused to charge the jury on the law of accomplice testimony, it is the opinion of this court that the judgment must be reversed and the cause remanded, and it is so ordered.

MORROW, P. J., absent.                    *Reversed and remanded.*