## CLARENCE HOWARD RICKETTS v. STATE.

No. A-10949.  Jan. 26, 1949.
(202 P. 2d 431.)

W. O. Moffett, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Elmer Adams, County Atty., Tulsa County, of Tulsa, for defendant in error.

BAREFOOT, J.   Defendant, Clarence Howard Ricketts, was charged in the court of common pleas of Tulsa county with the offense of disturbing the peace, waived a jury, and was tried by the court, found guilty and his punishment assessed at a fine of $75, and 20 days in the county jail, and has appealed.

The statute under which defendant was charged is Tit. 21 O.S. 1941 § 1363, which is as follows:

"If any person shall make use of any profane, violent, abusive or insultng language toward or about another person, in the presence or hearing, which language, in its common acceptation, is calculated to arouse to anger the person about or to whom it is spoken or addressed, or to cause a breach of the peace or an assault, every such person shall be deemed guilty of a breach of the peace, and, upon conviction thereof, shall be punished by a fine in any sum not to exceed $100.00, or by imprisonment in the county jail not to exceed thirty days, or by both such fine and imprisonment, at the discretion of the court or jury trying the same."

. It is contended by defendant, first, that the evidence was not sufficient to support the conviction, and that the demurrer to the evidence should have been sustained; and, second, that the court erred in permitting the wife of defendant to stay in the courtroom during the trial, and assist counsel for the state.

Defendant contends that the demurrer to the evidence should have been sustained for the reason that the evidence failed to show that the defendant used any profane, abusive or insulting language toward the prosecuting witness.

In this contention, counsel overlooks the fact that the statute makes it a breach of the peace to cause an assault to be committed. This case arose by reason of defendant entering the home of the prosecuting witness, F. C. Speaker, whereupon a fight ensued between defendant and the said Speaker. In this fight the prosecuting witness was struck with a rock which defendant had in his hand at the time he entered the home of Speaker, on the evening of August 9, 1947.

On this date a divorce suit was pending between defendant and his wife, and she had been granted the temporary custody of the two minor children, whose exact ages are not shown by the record. The testimony of the state revealed that on the date above indicated the mother and father of prosecuting witness had been invited to his home for the evening meal. Mr. Speaker had been married and divorced, and his young daughter lived with him. She spent the vacations with her mother, and was not at home on the above date. Mrs. Speaker, the mother of prosecuting witness, before going to her son's home had talked with the wife of the defendant over the telephone. They had previously been neighbors, and Mrs.

Speaker asked Mrs. Ricketts to meet them at her son's residence. She accepted, and with her two small children reached the home of the prosecuting witness about 15 minutes prior to the arrival of Mr. and Mrs. Speaker. After eating some sandwiches, they all decided to go to the rodeo, and Mrs. Speaker and her husband returned to their home to change clothes, and were to return to the home of their son, and they would all go to the rodeo. Mrs. Ricketts and her two children remained at the home of the prosecuting witness. During this time the defendant and his brother-in-law went to the home of prosecuting witness, and, looking through the windows which were open, saw his wife and children. Defendant testified that Mrs. Ricketts was lying on the divan and playing with one of her children, and the prosecuting witness was sitting in a chair. The evidence was that Mrs. Ricketts told Speaker that she wanted some watermelon, and they went into the kitchen to get it. As Mr. Speaker was in the act of taking the watermelon from the refrigerator, defendant entered the house with a rock in his hand. Mr. Speaker testified that he did not know the defendant. Words passed about defendant entering the house, and about his taking the children, and, as expressed in the record, "the fight began." Mr. Speaker testified that he was struck over the eye with the rock held by defendant. Defendant testified that the prosecuting witness struck the first blow. Both testified to the fight and the assault.

There can be no question from the facts above stated that there was a breach of the peace. The verdict of guilty by the court found all of the issues against the defendant, and the presumption is that the court properly applied the law to the facts.

There was testimony of other witnesses, but it is unnecessary to discuss it. The court did not commit error in refusing to sustain the demurrer to the evidence.

The proposition that the court erred in permitting the estranged wife of defendant to remain in the courtroom during the trial for the reason that Tit. 22 O.S. 1941 § 702 provides that the husband or wife may not testify against the other except under certain circumstances, cannot be sustained. This trial was before the court, and not before a jury. This was a matter within the discretion of the trial court, and the presumption, in the absence of a showing to the contrary, would be that the court was not influenced by her presence in the courtroom during the trial. The record discloses that when this question was raised, the court remarked: "I don't think that is going to affect this court, but for the remainder of the proceeding, I will have her go to the other courtroom." There is nothing to show that the defendant was in any way prejudiced by reason of the wife of defendant remaining in the courtroom for a part of the trial before the court.

Taking into consideration all of the facts presented in this case, we have come to the conclusion that justice requires that the judgment and sentence be modified to a fine of $75 and costs, and the jail sentence eliminated.

As so modified, the judgment and sentence of the court of common pleas of Tulsa county is affirmed.

JONES, P. J., and BRETT, J., concur.