## JONES v. STATE.

No. A-11362.   July 11, 1951.

(234 P. 2d 427.)

Jay D. Jones, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.  The defendant, J. E. Jones, alias Joe Bud Jones, was charged by an information filed in the county court of Stephens county with the offense of illegal possession of intoxicating liquor; was tried; convicted; and sentenced to serve 60 days in the county jail and pay a fine of $250; and has appealed.

For a reversal of this case the following assignments of error are presented: (1) Error of the court in overruling the motion for a continuance. (2) Error of the court in admitting incompetent evidence over objection of defendant. (3) The evidence was insufficient to sustain the conviction.  (4) The county attorney erred in his final argument to the jury by referring to the fact that the defendant did not take the witness stand. (5) Court erred in admitting evidence of the reputation of defendant's home without first showing that it was a place of public resort.

We have carefully examined the record and have come to the conclusion that the defendant is correct in his contentions on each of the above assignments of error with the exception of the alleged error in overruling the motion for continuance.  The Attorney General has filed no brief and on account of this failure we assume that he is confessing error.

The evidence is contained in the testimony of two officers who seized the intoxicating liquor in question.  These officers testified that on May 26, 1949, they obtained two search warrants, one for the search of premises owned and occupied by the defendant and the other for the search of the premises of a neighbor who lived just east of the house of defendant.  The officers testified that they searched defendant's premises and did not find any intoxicating liquor; that they went to the other house and found 38 pints of whisky in a wooden box attached to the rear of the house.  This box was about four feet long and three feet wide and had a lock upon it.  The officers by raising the lid a little could see what appeared to be whisky contained in the box, so they pried off the lock, opened the lid, and discovered the whisky.  As to what then transpired, officer Rogers testified:

"Q. Now, Mr. Rogers, after you had the whisky what did you do with it? A. There wasn't a man at this house, so I asked the lady where he was, and she said that he was working, so I told her as soon as the man came in that we wanted to see him."

Officer Wilson testified:

"Q. Mr. Wilson, when you made that search, tell this jury just where you found that whisky?  A. We found it over on the lot from where J. E. Jones lives in a box, by another fellow's house and this box was about three feet wide by four feet long (3x4).  Q. You say that wasn't on J. E. Jones' place? A. No, sir, it wasn't.  Q. Tell the court and Jury what happened, just what did you do with the whisky?  A. We put it in the car and Joe Bud—we went in to see Joe Bud for a minute and he said, 'Don't arrest that man, he didn't know

that whisky was over there, and I will make bond for him'. Q. Did he say any more? A. No, sir."

The officers were permitted over objection of counsel for defendant to testify concerning other raids they had made on defendant. The objection should have been sustained as this evidence was incompetent and prejudicial as tending to put defendant's character in issue when the defendant had not offered evidence of his own good character. Pressley v. State, 71 Okla. Cr. 436, 112 P. 2d 809; Brown v. State, 72 Okla. Cr. 333, 116 P. 2d 216.

At the conclusion of the state's evidence the defendant moved for an instructed verdict of not guilty, which was denied. He then rested without offering evidence.

As hereinabove pointed out, we have not had the benefit of a state's brief since the Attorney General has confessed error. However, it is apparently the theory of the state that the defendant's statement that his neighbor, "didn't know anything about the whisky", was a confession on the part of the defendant of his own guilt of the alleged offense.

The statement of defendant did not amount to a confession. This statement was a circumstance and if there had been other incriminating circumstances all of them together might have been sufficient to have justified submitting the issue of defendant's guilt to the jury.

The statement of the accused that his neighbor did not know anything about the whisky, which was found in a locked box attached to his neighbor's house, did not carry with it the presumption that the whisky belonged to the person making such statement, and standing alone is wholly insufficient to sustain a conviction. The statement relied upon to connect defendant with the crime was not a claim of ownership or a statement of defendant's possession. In addition to such statement the state should have made a showing of other incriminating circumstances, such as showing that defendant had possession of a key to the box in which the whisky was found, or showing tracks going back and forth from defendant's premises to the box, or by testimony that defendant had been seen going to the box, or that he in some way had access to the box. The man and woman at the house where the whisky was found would have been competent witnesses on these points. There was entirely too much left to conjecture, and the evidence relied upon by the state against the accused does not rise above mere suspicion.

Where the evidence against an accused is wholly circumstantial, to warrant a conviction upon such evidence, all the facts and circumstances proven should not only be consistent with the guilt of the accused but consistent with each other and inconsistent with any other reasonable hypothesis or conclusion than that of defendant's guilt. Combs v. State, 94 Okla. Cr. 206, 233 P. 2d 314.

It is not necessary to discuss at length the other assignments of error in the view we have taken of this case; however, we direct the county attorney's attention to the fact that before it is permissible to introduce evidence of the general reputation of defendant's premises as a place where liquor is sold in a prosecution for illegal possession of intoxicating liquor, it is necessary to lay a predicate by showing that such place was a place of public resort. Hudgens v. State, 74 Okla. Cr. 56, 122 P. 2d 815.

The judgment and sentence of the county court of Stephens county is reversed and remanded with instructions to discharge the defendant.

BRETT, P. J., and POWELL, J., concur.