## LYONS v. STATE.

No. A-11373.   Aug. 1, 1951.

(234 P. 2d 940.)

Leonard G. Geb, Ponca City, and A. H. Huggins, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Walter Lyons, was charged by an information filed in the county court of Kay county with the crime of driving an automobile

on the public highway while under the influence of intoxicating liquor. The jury found the defendant guilty but left the punishment to be fixed by the court. The court thereupon sentenced the defendant to serve 60 days in the county jail and pay a fine of $100, and he has appealed.

The defendant was arrested by two highway patrolmen about 2:00 a. m. in Ponca City. The officers testified that they saw the defendant driving slowly along the street; that defendant opened the door of his car and vomited; that they stopped defendant and he was intoxicated. A man and his wife and a female companion of defendant were in the car with him but were not intoxicated.

There was a sharp conflict in the evidence. The officers admitted they did not find any alcoholic beverages in the automobile. Defendant and his witnesses testified that early in the evening about 8:30 p. m. they had been to Frank's Tavern and defendant had drunk two bottles of beer; that after leaving Frank's Tavern they had gone to the Arrow Club and had spent the rest of the evening dancing at the Arrow Club; that no alcoholic beverages of any kind were consumed at the Arrow Club; that after leaving the dance hall the parties decided to drive down into the city and eat; that the defendant had a severe cold and while driving slowly along the street looking for a cafe in which to eat he commenced to cough and that he opened the door of his car to spit up phlegm which had congested in his throat. All of the defendant's witnesses said that he was not intoxicated in the slightest. It was the first time defendant had ever been accused of driving an automobile while intoxicated and he had no criminal record of any kind.

Three propositions are presented in the brief of defendant. First, the evidence was sufficient to sustain the conviction. Second the defendant was deprived of a fair and impartial trial by the misconduct of the trial judge. Third, the judgment and sentence was excessive.

The first proposition cannot be sustained. The evidence of the highway patrolmen was sufficient to make out a prima facie case against the accused. The evidence was highly conflicting, but such conflict of the evidence presented an issue for the jury to determine and it is not the province of this court to interfere where the defendant is found guilty by a jury, if in all other respects the trial has been held in a proper manner.

The second proposition concerning the alleged misconduct of the trial judge is directed at the repeated questioning of the defendant's witnesses by the court. When the witness Mrs. Bass, who with her husband had accompanied the defendant on the night in question, testified on behalf of the defendant the court asked her the following questions:

"By the Court: Q. They don't sell beer at the Arrow Club do they, Mrs. Bass? A. No. Q. They just sell coke and mixers for high-balls, don't they? A. They sell cokes. Q. They sell them generally for high-balls and mixers, don't they? A. I don't know. Q. You've never seen them sell them that way have you? A. No."

Mr. Bass was the next witness for the defendant and after he had testified the court asked the following questions:

"By the Court: Q. The Arrow Club does not sell beer does it? A. No. Q. They sell cokes and 7-Up for mixers? A. Yes, sir. Q. Its general reputation is being a bootlegging place is it not? A. I've heard they sell liquor there but never bought any. By the Court: That's all. Mr. Huggins: To which remarks and questions by the Court the defendant objects. By the Court: Objection overruled and exception allowed the defendant."

When the defendant was on the witness stand the court asked these questions:

"By the Court: Q. How many times have you been there? A. Three or four. Q. Do you know the general reputation of that place? A. I never did get anything there."

When Highway Patrolman Crowder was recalled as a rebuttal witness these questions were asked by the Court:

"Q. Are you familiar with the proprietor of the Arrow Club? A. Yes, sir. Jim Ryford. Q. He's a bootlegger? A. Yes."

The questions asked by the court were in addition to a very rigorous cross-examination made by the county attorney. There certainly was nothing in the record to indicate that the county attorney needed any assistance from the court in this prosecution as the prosecution was very vigorously conducted. However, if the county attorney had needed assistance it was not the duty of the court to furnish it.

This court, in the recent case of Robedeaux v. State, 94 Okla. Cr. 171, 232 P. 2d 642, 648, had occasion to discuss a similar question presented in the case of a person charged with driving an automobile while intoxicated in the same court from which the instant case was appealed. In that opinion this court held that because of the closeness of the case the acts of the trial judge were improper and his questioning of the witnesses was an indication to the jury of his opinion of the merits of the case. In the body of the opinion this court stated:

"In Little v. State, 72 Okla. Cr. 273, 115 P. 2d 266, this court said: " 'It is the duty of the trial courts to refrain from in any manner, either through their actions or words, to indicate to the jury their opinion upon the merits of the case being tried before them. For that reason, except when it appears absolutely necessary to the administration of justice, the trial judge should not interrogate witnesses. Generally, the trial court will be motivated only by a spirit of fairness when he proceeds to ask questions of a witness, but often a lay jury is apt to confuse the actions of the court and become impressed that the court has an opinion upon the merits of the case, which he is trying to convey to the jury.'

"See, also, Coffe v. State, 59 Okla. Cr. 121, 56 P. 2d 1194; Hill v. State, 76 Okla. Cr. 371, 137 P. 2d 261; Harrison v. State, 11 Okla. Cr. 14, 141 P. 236 [7 Ann. Cas. 1916A 689]".

The trial court's conduct in the instant case was more flagrant than in the Robedeaux case, supra. His questioning of defendant's witnesses was more extensive and was made in an effort to destroy the testimony of the witnesses that the defendant had not consumed any intoxicating liquor while dancing at the Arrow Club. The court's questioning was a strong insinuation to the jury that the defendant and his witnesses had lied, for the reason that the proprietor of the Arrow Club was a bootlegger and that the club had the general reputation of being a place where intoxicating liquors could be purchased.

Although complaint is not made of instruction No. 4 by counsel for defendant, we feel impelled to call to the trial court's attention that such instruction is improperly worded. This instruction was so worded that it amounted to a suggestion to the jury that they find the defendant guilty and leave the punishment to the court. There have been many decisions of this court construing the two sections of the Oklahoma statutes pertaining to the duty of the jury to fix the punishment. 22 O. S. 1941 §§ 926, 927.

In the case of Ladd v. State, 89 Okla. Cr. 294, 207 P. 2d 350, 353, this court stated:

"We believe it was not the intention of the Legislature that a defendant should have the absolute right to require the jury to fix the punishment, but rather that they should have the opportunity to do so, and in the event of their failure or inability so to do, after using their very best efforts, the court should have the responsibility and duty of fixing the punishment. But it should be stated in the verdict that they are unable to agree on the punishment."

The verdict of the jury did not recite that the jury was unable to fix the punishment, but merely recited that the jury found the defendant guilty and left his punishment to the court. The punishment should not be left to the court unless the jury after due deliberation is unable to agree upon the punishment, and in that case it should be so stated in the verdict, and then the court shall assess and declare the punishment. See, also, Tilghman v. Burns, 91 Okla. Cr. 359, 219 P. 2d 263.

Because of the misconduct of the trial judge, it is apparent that the defendant was denied his constitutional right to a fair and impartial trial. The judgment and sentence of the county court of Kay county is accordingly reversed and the case is remanded for a new trial.

BRETT, P. J., and POWELL, J., concur.