# BARNETT v. STATE.

No. A-11542. July 23, 1952.

(247 P. 2d 299.)

Leonard G. Geb, Ponca City, and A. H. Huggins, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Larry Barnett, was charged by an information filed in the county court of Kay county with the crime of unlawful possession of intoxicating liquor, to wit: seven pints of whiskey and one pint of gin; was tried; found guilty by verdict of the jury, which by their verdict left the punishment to be fixed by the court. The court thereupon sentenced the accused to serve a term of four months in the county jail and to pay a fine of $150 and costs, and he has appealed.

The following propositions are presented: First, the evidence was insufficient to sustain the conviction. Second, the court erred in admitting in evidence an

alleged certified copy of a federal retail liquor dealer's license. Third, the court erred in giving instructions 2, 5 and 7.

Only one witness testified for the state and there was no evidence introduced in behalf of the defendant.

Jesse Willis, undersheriff of Kay county, testified that on July 13, 1950, he and Officer Johnson procured a search warrant and went to a cabin at the Polar Bear Service Station in Ponca City; that as the officers opened the door to the cabin they heard a loud crash which sounded like broken bottles. The defendant was standing near the door. The officers walked back into a shower room which had a concrete floor. There on the floor were pieces of several broken bottles and a strong odor of whiskey was arising from the heap of broken bottles. The officers picked up the glass and placed the pieces in a box. They found several bottle tops covered with a United States Government whiskey seal which had been unbroken, indicating that the whiskey bottles had never been opened. Several whiskey labels were procured from the pieces of broken bottles and the officers identified by name different kinds of whiskey. Altogether the officers found the tops of eight pint bottles. One of the bottles was labeled Gilbey's Gin, and the others were whiskey bottles. There was a drain in the shower room through which whatever liquid was stored in the bottles had disappeared. The officers was unable to scoop up any whiskey, but the officer could tell from the odor that the bottles had contained whiskey. The witness further related that there was attached to the door a wire which ran across a double bunk bed and attached to a plug underneath and supporting a shelf in the shower room; that by the opening of the door the wire connection pulled the plug from under the shelf, causing the bottles to fall to the concrete floor and break. There was also introduced in evidence a certified copy of a federal retail liquor dealer's license, which will be hereinafter discussed.

The argument on the insufficiency of the evidence is based upon the fact that the officers were unable to procure even so much as a drop of whiskey or intoxicating liquor of any character. It is our opinion that the evidence of the state was sufficient to make a strong case of circumstantial evidence that the defendant had several pints of intoxicants on the shelf in the shower room at the time the officers entered his house, and that by means of the contrivance which he had made the bottles crashed to the floor and were broken when the officers entered the building. To permit the argument by the accused to stand would place our stamp of approval upon such a contrivance and thus give violators of prohibitory laws one other means to escape detection and conviction for their unlawful acts. This we shall not do.

After Officer Willis had testified the assistant county attorney in charge of the prosecution offered in evidence a certified copy of a federal retail liquor dealer's license. Counsel for the accused objected to the admission of the instrument in evidence. The objection was overruled and it was admitted in evidence. This was error. The license shows on its face that it was issued on August 29, 1950, to the defendant at the place raided by the officers, and it was for the fiscal year ending June 30, 1951. However, the payment of the special tax and the issuance of the certificate was not until August 29, 1950, which was over a month after the raid had been made which resulted in this prosecution. Evidence of the possession of a federal retail liquor dealer's license should never be permitted unless it is first shown that the license was in the name of the accused and covered the period of time during which the intoxicants were allegedly held in the possession of the accused. Rousek v. State, 93 Okla. Cr. 366, 228 P. 2d 668; Tucker v. State, 9 Okla. Cr. 555, 132 P. 689; Trotter v. State, 77 Okla. Cr. 368, 141 P. 2d 812.

Since we have found that the admission of this alleged federal retail liquor dealer's license was error, it was also error for the court to give instruction No. 7, which advised the jury that the payment of the special tax required of liquor dealers by the United States Government would constitute prima facie evidence of an intent to violate the liquor laws of the state.

Instruction No. 2, to which complaint was made, was not fatally defective. This was the instruction on prima facie evidence. It does not follow the form which we have approved and in the retrial of this case we suggest that the court consider giving the instruction which we have approved in many cases, including Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476; Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; and many other cases which we have decided in recent months on this particular point. However, we do not think that the instruction complained of standing alone would have been sufficient to have constituted reversible error.

Instruction No. 5 complained of was considered by this court in the case of Lyons v. State, 94 Okla. Cr. 288, 234 P. 2d 940, which was an identical instruction to the one given in this case, and we there held that the instruction was improper because it was so worded that it amounted to a suggestion to the jury that they find the defendant guilty and leave the punishment to the court. The Lyons case was decided subsequent to the appeal herein lodged and the court did not have our opinion before him at the time this instruction was given. On the retrial of this case an instruction can be given in accordance with the suggestion which we made in Lyons v. State, supra.

The judgment and sentence of the county court of Kay county is reversed and the case is remanded for a new trial.

BRETT, P. J., and POWELL, P., concur.