# BARNETT v. STATE.

No. A-11611. Oct. 1, 1952.

Rehearing Denied Nov. 19, 1952.

(250 P. 2d 69.)

Leonard G. Geb, Ponca City, and A. H. Huggins, Norman, for plaintiff in error.

Mac Q. Williamson, Atty., Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Larry Barnett, was charged by an information filed in the county court of Kay county with the crime of unlawful possession of seven pints of whiskey; was tried; found guilty by verdict of the jury, which left the punishment to be assessed by the court. The court thereupon sentenced the accused to serve the maximum sentence of six months imprisonment in the county jail and to pay a fine of $500 and costs; and he has appealed.

The facts in this case are almost identical with those discussed by this court in the case against the same defendant decided on July 23, 1952. Barnett v. State, 95 Okla. Cr. 394, 247 P. 2d 299, 300.

The raid in the instant case occurred on July 6, 1950, while the raid in the case hereinabove referred to occurred a week later on July 13, 1950. The same officers made the raid in each instance and Officer Willis testified at the trial in each case. In each case the defendant broke the whiskey bottles before the officers could enter the house; and the officers secured the tops of bottles with the government seal upon them, parts of pint whiskey bottles with the labels on them. The broken bottles were all wet and had the odor of whiskey. The circumstantial evidence was sufficient to sustain a conviction for the unlawful possession of whiskey.

The defendant presents the other issues the same as were presented in Barnett v. State, supra, in which the contentions of the accused were sustained on appeal.

The state over the objection of counsel for defendant was permitted to introduce in evidence a federal retail liquor dealer's license that was issued to the defendant, which showed payment of the tax and issuance of the license on August 29, 1950, which was several weeks after the date of the raid. Although the license was issued on August 29, 1950, it covered a period of time dating back to July 1, 1950, however the tax had not been paid and the certificate had not been issued at the time of the raid, and we adhere to the ruling we handed down in Barnett v. State, supra on this matter wherein we held:

"Evidence of the possession of a federal retail liquor dealer's license should never be permitted unless it is first shown that the license was in the name of the accused and covered the period of time during which the intoxicating liquor was allegedly held in possession of the accused."

Complaint is made of the same instructions in this case as were given in the former case which we discussed at length in that opinion. For our conclusion as to the law governing those instructions, reference is made to that opinion. Barnett v. State, supra. We therein held the instruction pertaining to the federal retail liquor dealer's license and the instruction suggesting the jury find the defendant guilty and leave the punishment to the court were erroneous. The verdict herein was signed by only five members of the jury and one juror stated that he did not believe defendant was guilty when the jury was polled. If the erroneous instructions had not been given and the federal retail liquor dealer's license admitted in evidence, the jury might not have convicted the accused. We are firmly convinced of his guilt because he is apparently an old offender, but he is entitled to be tried in a lawful manner.

It is regrettable that the errors of law have occurred on the trial in the admission of evidence and the giving of instructions which have amounted to reversible error. However, in the retrial of this case the errors will not be duplicated and the defendant no doubt will receive the justice to which he is entitled.

The judgment and sentence of the county court of Kay county is reversed and the case is remanded for a new trial.

BRETT, P. J., and POWELL, J., concur.

On Petition for Rehearing.

PER CURIAM. The State asks for a rehearing in the above case, agreeing that the second paragraph of the syllabus of the above opinion states the rule of law as heretofore announced and followed by this court, but insisting that this court has overlooked the fact that "by the terms of 37 O.S. 1951 § 81, it is 'payment' of the special tax required of liquor dealers which constitutes prima facie evidence of the intention to violate the prohibitory liquor laws. * * *"

Continuing, it is argued by the Attorney General: "* * * and certainly where a dealer in liquor voluntarily pays for a month during which he was doing business and liable to federal tax, evidence of that payment is admissible against him, even though the payment might have been made at a date subsequent to the time when he was raided and found in possession of liquor in violation of the laws of the state. And we cannot believe that this court intended to hold otherwise."

In other words, the state argues in effect that though the accused did not possess a federal liquor dealer's stamp on July 6 when the state officers raided him, and although if he had been tried prior to August 29, when he actually paid for the stamp, the stamp could not have been involved, yet in that the payment was made it was retroactive and it actually covered July, when under the federal law if accused was not in business in July he could have obtained a stamp commencing with August; that his action was tantamount to confessing that he was in the liquor business during all of July, and therefore the stamp was admissible.

Our attention is called to certain pertinent federal statutes, and being Tit. 26 U.S.C.A. §§ 3271, 3272 and 3612, subsection (b), paragraph (1), to which reference may be made. Then it is further argued in connection with the federal statutes:

"It will be observed that a liquor dealer may operate during the month of July without a stamp and without any penalty whatever. But if he is in business during July and does not pay for his stamp until some time in August, he must pay the tax for the full year, and in addition, a penalty of five per cent. If he continues on into the month of September before securing his stamp, he pays another five per cent. If he has not been caught by the federal officers, who are able to prove that he had been in business during a prior month or months, he escapes prosecution and suffers nothing more than the liability to pay the tax and the five per cent per month penalty. And in case he does make such payment before he is caught, nothing further is done by the federal authorities."

Section 81 of Title 37 O.S. 1951, supra, reads:

"The payment of the special tax required of liquor dealers by the United States by any person within this State, except local agents appointed as hereinbefore provided, shall constitute prima facie evidence of an intention to violate the provisions of this Chapter."

This statute was first in effect as part of the Laws 1907-08, p. 603, and was construed in the early case of Deeds v. State, 1910, 4 Okla. Cr. 210, 111 P. 667, in an opinion by Richardson, J., the syllabus reading:

"1. Upon a prosecution for selling intoxicating liquor, where the date of the alleged sale is definitely fixed by the evidence, proof that subsequent thereto the defendant paid the special tax required of liquor dealers by the laws of the United States is not competent.

"2. The payment by a person of the special tax required of liquor dealers by the laws of the United States is prima facie evidence of such person's intention thenceforth, during the term of the license, to violate the prohibition law.

"3. If there is any evidence from which the jury could legitimately find that the transaction constituting the sale complained of took place subsequent to the payment by the defendant of the special liquor dealer's tax, then evidence of such payment may be admitted."

This court in the body of the opinion said:

"Undoubtedly this provision should be construed so as to give the payment of such tax only a prospective and not a retroactive effect as evidence; that is, that the payment of such special tax shall be prima facie evidence of the party's

intention thenceforth, so long as the license shall remain in force, to violate said provisions of the law, and not that it shall be evidence of his intention to do so theretofore."

Cited as so holding was Snyder v. State, 78 Miss. 366, 29 So. 78. The Deeds case was cited with approval by this court in an opinion by Furman, J., in Tucker v. State, 9 Okla. Cr. 555, 132 P. 689.

And while paragraph 2 of the syllabus in the Barnett opinion is so broad as to permit the argument advanced by the Attorney General, and while the syllabus quoted from the Deeds case is specific and such as to leave no doubt that the payment of the federal tax as evidence must have a prospective rather than a retroactive effect, we would for emphasis, though it would be obvious from casual reading of the cases, that in the Deeds case and in the within case, the facts are quite similar. That is to say, in the Deeds case the accused was charged with the sale of intoxicating liquor on date of April 5, 1909. The state's witnesses were not entirely certain that the accused was the person who made the sale. The state introduced a certified copy of record of payment of retail liquor dealer's tax for the place in question from April 1909, with date and issuance of certificate April 28, 1909. The accused objected to the introduction of the certified copy on the ground that it appeared therefrom that the payment of the tax was made subsequent to the date of the sale in question as charged and proven, and the same was therefore not competent evidence for any purpose. From an adverse ruling of the trial court, the appeal to this court resulted as heretofore stated.

In the case of United States v. Angell, C.C., 11 F. 34, and where we have found no case to the contrary, the court said:

"A receipt for a license tax is not retroactive, and cannot be admitted in evidence on a charge of selling spirituous liquors by retail during a period of time prior to its date."

The petition by the state for rehearing is accordingly denied.