## BROOKSHER v. STATE.

No. A-11655. Dec. 3, 1952.

(251 P. 2d 200.)

Sam J. Goodwin, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen. for defendant in error.

JONES, J. This is an appeal from a conviction sustained in the county court of Garvin county for the illegal possession of intoxicating liquor. Pursuant to the verdict of the jury the defendant was sentenced to serve 60 days in the county jail and pay a fine of $200.

The following assignments of error are presented: (1) The motion to suppress evidence should have been sustained. (2) The court erred in admitting a certified copy of federal retail liquor dealer's stamp in evidence. (3) The county attorney was guilty of prejudicial misconduct during the trial.

The first assignment of error pertaining to the motion to suppress evidence was based upon the contention of defendant that the description in the search warrant was not in conformity to that set forth in the affidavit for the warrant and was wholly insufficient to authorize a search of defendant's premises.

The affidavit for the warrant described the premises to be searched as "Lots 29 and 30, Mays Heights, Garvin County, Oklahoma; the same being in Section 16, Township 4 North, Range 2 West". The warrant described the property to be searched as "The buildings, houses and outhouses and automobiles located on the following described premises: Lots 29 and 30, Mays Heights, Garvin County, Oklahoma". Only one witness was called in connection with the motion to suppress the evidence and she was called by the state to testify.

Bernice Dykeman, deputy county clerk, identified a plat book which was on record in the office of the county clerk. From this instrument she read into the record a dedication of the property known as Mays Heights, in Garvin county, which dedication was signed by the owners on May 14, 1948. This dedication gave a minute description of the real estate which was being platted and described as Mays Heights, and was located in Section 16, Township 4 North, Range 2 West. The witness further testified that Mays Heights was not an addition to the town of Maysville.

It is the contention of the accused that there was a material variance between the description in the affidavit and that set forth in the search warrant and that the warrant did not particularly describe the place to be searched so that the officers could find the place without the aid of any other information save that contained in the warrant. Citing Burns v. State, 92 Okla. Cr. 24, 220 P. 2d 473.

We do not believe there is a material variance in the description set forth in the affidavit and that contained in the warrant. The only difference is that the description set forth in the affidavit went further and set forth the section, township, and range in which Mays Heights was located. This was not a part of an incorporated town but was apparently a dedication of a new town site and the officers could readily ascertain the location of Mays Heights by reference to the plat in the office of the county clerk. In McCarthy v. State, 91 Okla. Cr. 294, 218 P. 2d 397, this court held:

"An officer serving a search warrant may refer to maps, plats, etc., to obtain general information as to the general location of a piece of property, the particular location of which is specifically described in the warrant; and, he may rely on his own personal knowledge; and, he may call upon his knowledge and understanding in interpreting abbreviations in a specific description and resort to such aids will not render the search invalid where the property searched was that described in the warrant, and the property could actually be located from the description contained in the search warrant."

There is merit to the second contention of the accused that the court erred in admitting in evidence a certified copy of a retail liquor dealer's license issued to S. R. Brooksher, one-half mile west of Maysville.

The county attorney attempted to connect the defendant with this license by each of his witnesses, but both of them stated that they knew the defendant only by the name of Raymond Brooksher and had never heard of his initials. They further testified that the defendant lived one mile west of Maysville. There was not a sufficient showing that the party named in the license was the identical individual on trial. Before the court admits evidence of the possession of a federal retail liquor dealer's license the state's proof must affirmatively show that the license was in the name of the accused and covered the period of time during which the intoxicating liquor was allegedly held in possession of the accused. Barnett v. State, 95 Okla. Cr. 394, 247 P. 2d 299. The only purpose in introducing in evidence a certified copy of a federal retail liquor dealer's license evidencing payment of the special tax required by the United States is for the purpose of making a prima facie showing that the accused intended to sell the intoxicating liquors found in his possession. 37 O. S. 1951 § 81. In the instant case the officers obtained 24 pints of tax-paid whiskey in the automobile of the accused on the premises described in the warrant. They testified defendant, with the whiskey in sight in the car, drove the automobile onto the premises while they were there. No defense was offered at the trial. The finding of an amount in excess of one quart of whiskey was sufficient to make a prima facie case of an intent to sell such intoxicants. 37 O.S. 1951 § 82. In view of the fact that there is no question concerning the defendant's guilt, we do not believe that the erroneous admission of the federal retail liquor dealer's license constituted reversible error. However, we shall consider this question in connection with the remaining proposition that is presented concerning the alleged misconduct of the county attorney.

On redirect examination of the witness Abney, the record discloses the following:

"Q. When you were shooting, were you shooting at the car or the man? By Mr. Moody: At any rate it was pretty careless shooting. By Mr. Wilson: He ought to shoot at a bootlegger everytime he sees him— By Mr. Moody: I object to that statement, that is highly inflammatory, unsolicited, and uncalled for, and for the further reason it would prejudice the rights of this defendant before this jury and ask for a mistrial. By Mr. Wilson: The statement just directed. in the records by Mr. Moody was made after the counsel for the defendant made the statement that regardless of why he shot, it was pretty careless shooting. By the Court: Objection overruled, exception allowed."

Complaint is also made of the voluntary statement of the witness Abney in response to questioning by the county attorney. The county attorney had asked the witness to tell the jury the circumstances under which he went on the premises, and the witnesses stated: "We started to his house to make the search where we had seen his whiskey hauling car." Counsel for the accused objected to the statement of the sheriff referring to defendant's automobile as a "whiskey hauling car" and moved for a mistrial, which motion was overruled.

The record discloses that there was an unusual amount of bickering both on the part of the prosecution and defense in the trial of the defendant. The statements of counsel and their manner of questioning on both sides certainly were not conducted with such propriety as is conducive to an orderly administration of justice.

If the fault was wholly that of the county attorney, we would feel compelled to reverse the conviction because of his misconduct. There was no justification for the voluntary statement of the deputy sheriff wherein he referred to defendant's automobile as a "whiskey hauling car", inferring that the witness knew defendant had been using the automobile in the past to haul whiskey. The trial court should have promptly excluded this testimony from consideration of the

jury and admonished them not to consider it for any purpose. The witness, being a peace officer, should have known better than to make such prejudicial and voluntary assertion.

We are then confronted with this state of the record. (1) The search was valid. (2) The guilt of the accused was thoroughly established and was not denied. (3) There was no sufficient identification of S. R. Brooksher as being the accused so as to authorize the admission in evidence of the federal retail liquor dealer's license. (4) The county attorney and the deputy sheriff were guilty of making improper statements in the presence of the jury which might have caused the jury to give the accused more punishment than they would have done if such statements had not been made.

As we view the record, all the defendant is entitled to is a reduction of the sentence and in doing so we are giving him the benefit of every doubt concerning the influence which the erroneous admission of evidence had on the jurors.

It is therefore ordered that the judgment and sentence of the county court of Garvin county be modified to the minimum sentence of 30 days in the county jail and a fine of $50, and the judgment and sentence as thus modified is affirmed.

BRETT, P. J., and POWELL, J., concur.