# FITZGERALD v. STATE.

No. A-11748. April 15, 1953.

(256 P. 2d 477.)

Orval Grim, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Raymond Fitzgerald, was charged by an information filed in the county court of Beckham county with the unlawful possession of intoxicating liquor; a jury was waived, the defendant was tried, found guilty, and sentenced to serve 30 days in the county jail and pay a fine of $150.

Upon appeal, two assignments of error are presented. First, the court erred in overruling a motion to suppress the evidence. Second, the court erred in admitting in evidence the whiskey taken from defendant.

In connection with the first assignment of error, it was the contention of the defendant that the affidavit for the search warrant was based upon mere information and belief and was therefore insufficient to form the basis for the issuance of a warrant. The affidavit is in many ways similar in wording to that before this court for discussion in the case of Brewer v. State, 96 Okla. Cr. 374, 255 P. 2d 954. In the instant case, O. L. Mullinex, the complainant, swore positively that the defendant, Raymond Fitzgerald, had intoxicating liquor stored on certain definitely described premises in Elk City. The affiant further swore that the premises were the private residence of Fitzgerald, but that it was a place of public resort where people congregated for the purpose of obtaining intoxicating liquors and drinking the same; that he had observed the premises for a period of two weeks just prior to making the affidavit and had seen numerous persons go into the premises in a sober condition and leave in an intoxicated condition, and had seen persons enter the premises empty-handed and later leave carrying packages of a size and appearance that resembled intoxicating liquors.

In Brewer v. State, supra, this court held:

"An affidavit for search warrant should not be based upon information and belief but should state facts upon which the same is based, but when facts are stated in the affidavit that are positive and by one who has the right to know the facts, it is sufficient ground for magistrate to issue the warrant.

"In construing the affidavit as a basis for the issuance of a search warrant, the whole affidavit should be considered, and while the affidavit and search warrant should be strictly construed, a technical construction should not be placed thereon which destroys the true meaning.

"Affidavit for search warrant not purporting to be based on information and belief but containing allegations in definite and specific language containing the name of person whose premises were to be searched and exact location of the premises wherein it was claimed that intoxicating liquors were being kept, stored and concealed, was sufficient to comply with statutory provisions. 37 O.S. 1951 §§ 87, 88."

Since the affidavit is positive in its terms, and not based merely on information and belief, we hold that the court acted properly in overruling the motion to suppress the evidence, filed and presented before the beginning of the trial.

In connection with the second assignment of error, it was contended that three different raids had been made upon the premises of the defendant and that whiskey was obtained on each of these raids; that all of the whiskey was placed together in a vault in the sheriff's office, and that at the commencement of the trial on each of the charges which were filed against the accused, the officers would sort out the kind and quantity of whiskey named in the search warrant as having been obtained from the accused and it would be offered and admitted in evidence without further identification. There was some basis for this allegation, in view of the testimony of the chief of police, who stated that

he was unable to identify specifically the whiskey taken in each raid, except those bottles on which he had placed his initials with the date of the raid. These bottles were identified and admitted in evidence. There was no issue raised that whiskey was not obtained at the time and in the quantity named by the officers in their return to the warrant. Only one witness testified on behalf of the accused, and he was the mayor of the city. He testified that the defendant came to him and complained that the officers had not reported all of the whiskey they had taken from him but had only reported a part of the whiskey. This evidence might prove some dereliction on the part of an officer, but it also is further evidence of the absolute guilt of the defendant. We do not feel there is any merit to this assignment of error. The case was tried to the court without a jury and all of the facts were before him. His guilt was conclusively established. We assume that the court considered only the competent evidence in rendering his judgment. There was ample competent evidence to establish the guilt of the accused and the amount of punishment which was inflicted was certainly reasonable.

The judgment and sentence is affirmed.

POWELL, P. J., and BRETT, J., concur.