Jack FRANKLIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12072.

Criminal Court of Appeals of Oklahoma.

Feb. 2, 1955.

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Jack Franklin, hereinafter referred to as defendant, was tried and convicted in the court of common pleas of Tulsa County where he was charged with unlawful possession of intoxicating liquor, and was sentenced to serve thirty days in the county jail, and pay a fine of $50.

A jury was waived and the case was tried to the court. It was stipulated between the county attorney and defendant's counsel that the evidence adduced on the motion to suppress, and the trial of the case on its merits should be considered as one and the same hearing. Two propositions for reversal are advanced: (1) That the trial court erred in denying and overruling defendant's motion to suppress certain evidence on the ground of an alleged illegal search; and (2), that the evidence was insufficient to sustain the judgment of conviction.

From a study of the evidence it is apparent that the motion to suppress was properly overruled by the trial court. It must be kept in mind that in a consideration of a motion to suppress, the burden is on the proponent of the motion to show that the evidence offered was obtained by an illegal search. Reutlinger v. State, 43 Okl.Cr. 261, 277 P. 950; Wirth v. State, 79 Okl.Cr. 59, 151 P.2d 819; Ludwig v. State, Okl.Cr., 259 P.2d 322.

The evidence developed that at about 8 o'clock in the evening on September 30, 1953, Art Lee, a deputy sheriff, accompanied by one R. W. Brooks, pursuant to a call at the sheriff's office, drove to the intersection of 91st Street and Garnett Road, Tulsa County, to investigate an automobile accident.

R. W. Brooks was called by the defendant to testify. He stated that he was not a regular deputy, received no salary, but did hold a deputy sheriff's commission. He stated that after arriving at the scene of the accident he searched one of the cars involved. He said that he "searched the Franklin fellow's car". He was further questioned as follows, by counsel for the defendant:

"Q. Describe the car. A. Well, it was a light colored one. I didn't pay much attention to it.

"Q. You don't actually know of your own knowledge whether it belonged to Jack Franklin or not, do you? A. Only what he said.

"Q. Only what he said. Did he make any statement to you concerning it? A. I told them I wanted the fellow to come up here that owns this car, and he was standing down there, and he walked up there.

"Q. And by that you took it he owned the automobile? A. Yes, sir."

Witness further stated that the right front wheel of the car searched was off in the ditch, and the ground was torn up and one could tell there had been a wreck, and that the car searched had been "turned around and coming back". Witness stated that he could smell whiskey, and when defendant came up witness told him to "open the back end of this car, and if I remember right, he told me to go ahead and open it up, it wasn't locked, something like that, seems to me like he did".

Witness was asked if he could determine whether or not what he smelled was whis-

key or whether or not it might have been rubbing alcohol or radiator solvent, and he stated that he thought he could tell, and that all he could say was it had a whiskey smell. Witness further stated that he could see something flowing out of the trunk of the car, and that after the trunk had been opened he saw broken whiskey bottles and broken cartons on the ground; that there were about 100 or 125 bottles of whiskey that had not been broken.

This court has held that where officers observed liquor flowing from a car and determined it had the odor of alcohol, they were justified in searching such car without the authority of a search warrant. Arnold v. State, 70 Okl.Cr. 203, 105 P.2d 556; Hutson v. State, 72 Okl.Cr. 61, 112 P.2d 1109; Strategier v. State, 56 Okl.Cr. 11, 32 P.2d 1054.

The State called as a witness Art Lee, the regular deputy who had charge of the investigation of the car collision. He testified:

"A. I was called out there that night. I was working that month on the midnight shift. They called me to come out there and I went out there to check the accident and when I got there, why, the car on the west of the intersection, there were two pints of gin and a pint of whiskey laying in the grader ditch and you could smell beverage of some kind. It was pretty well torn up, the car was, and I started to check the turtle back and found those broken bottles, and there was about 100 or 125 bottles.

"Q. Was there any evidence of fluid having been spilled around the car? A. Yes, there was some—you could smell it awful strong; it was night, after dark and there was grass along the ditch. You couldn't see it, but you could smell it strong, and the paper in the back of the car that you could see without raising the trunk; in between the front seat and the back, the cartons and broken bottles.

"Q. Cartons and broken bottles. And what were those cartons? A. Whiskey bottles and gin.

"Q. What? A. Liquor bottles, whiskey bottles.

"Q. Different brands of whiskey, were they? A. Yes, ma'am.

"Q. And where were they now? A. They were between the front seat, behind the front seat.

"Q. On the floor? A. Yes, ma'am, you could see them in the car.

"Q. In the cartons? A. Yes, ma'am, paper."

Witness further stated that there was broken glass in the ditch, that the car door was open and the lights from his car lighted up the inside of the car searched so that he could see broken whiskey bottles as well as bottles containing whiskey, by looking through the open door and through the car window, and could see in the turtle back prior to the same being opened. Witness identified the defendant, stated that he saw him at the scene of the accident, that defendant was talking to some people and witness asked who the car belonged to, and the defendant came up. Witness told defendant that he wanted to look into the trunk and defendant took the keys and said he would unlock it for the officers. Witness testified that after this, he told the defendant that he guessed he would have to take him to town; that he put defendant in his car and was getting ready to drive to town, but the sheriff appeared and took charge of the prisoner.

On cross-examination witness denied that a blanket covered the liquor that was between the front and rear seats of the car so as to prevent it from being seen through the car window and through the open door. He denied that witness Brooks had opened the trunk and denied that it was only after the trunk had been opened that he observed the whiskey between the front and rear seats of the car.

The only question that presents any difficulty is whether or not the State produced sufficient evidence to connect the defendant as the owner or possessor of the wrecked automobile, and as being the possessor or owner of the whiskey. The agreement of the assistant county attorney to have the court consider the evidence produced on

motion to suppress, as the evidence in the trial of the case, placed her off guard, it would seem. It should have been a simple matter to have proven by the passenger or passengers in the other car involved in the collision who was driving the car in question, and information as to the title to the car might have shown defendant to be the owner, or it might not.

■ The defendant did not testify. If the liquor had not been in his possession and he did not claim it, he could not of course complain as to the search. But the circumstance of defendant who stood some distance away in a group, responding to the inquiry of the officers as to who the wrecked car belonged to, by coming up and then on being asked to open the trunk, producing a key and unlocking it, and then on being placed under arrest failing to disclaim ownership of the liquor or having been the driver of the wrecked car, is sufficient in the absence of proof to the contrary, to support the judgment of the court in such regard.

■ The ownership of an automobile or liquor, like other matters, may be proven by circumstantial evidence, with the requirement that all the facts and circumstances proven should be consistent with the guilt of the accused, and with each other, and inconsistent with any other reasonable hypothesis or conclusion than that of defendant's guilt. Jones v. State, 94 Okl.Cr. 243, 234 P.2d 427; Barnett v. State, 96 Okl.Cr. 151, 250 P.2d 69.

■ And in Mitchell v. State, 73 Okl.Cr. 184, 119 P.2d 99, 100, we said:

"The Criminal Court of Appeals will not reverse a trial court upon a finding of fact in connection with a motion to suppress the evidence where there is competent evidence in the record reasonably tending to support the findings of the court."

Also, as to trial proper, in McCarthy v. State, 91 Okl.Cr. 294, 218 P.2d 397, 398, we said:

"Where a jury is waived and a case tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with the reasonable inferences and deductions to be drawn therefrom, supporting the court's findings."

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.