Raymond FITZGERALD, Plaintiff
in Error,

v.

The STATE of Oklahoma, Defendant
in Error.

No. A-12162.

Criminal Court of Appeals of Oklahoma.
June 15, 1955.

Wise & Ivester, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Raymond Fitzgerald, was charged by information, in the County Court of Beckham County, State of Oklahoma, with the offense of unlawful possession of intoxicating liquor. The offense was allegedly committed on or about December 8th, 1954, when a search and seizure revealed the defendant to have been in possession of 7 Pints of Calvert Gin; 6 Pint bottles of Canadian Club Whiskey; 6 Pint bottles of Sunny Brook Whiskey; 5 Pint bottles of Belmont Whiskey; 2 Pint bottles of Old Stag Whiskey; 1 Pint bottle of Colonel Lee Whiskey; 15 One-half Pint bottles of Belmont Whiskey; 20 One-half Pint bottles of Rocking Chair Whiskey; 11 One-half Pint bottles of Sunny Brook Whiskey; 9 One-half Pint bottles of Colonel Lee Whiskey; 2 One-half Pint bottles of Old Stag Whiskey; a One-half Pint bottle of Ballard's Whiskey; One-half Pint bottle of Haller's Whiskey; a jury was waived and the case was tried to the court; the defendant was found guilty, and he was fined $150, and costs, and 45 days in the County Jail; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The defendant complains that the court erred in overruling his motion to suppress the evidence by reason of an illegal search and seizure. This complaint is predicated upon the description contained in the search warrant, as follows:

"A 1½ story frame residence located on the property described as the North Half of the Northeast Quarter of Section 34, Township 11 N. Range 21, less 10 acres of land out of the East end of the North half of said Northeast Quarter of Section 34, Township 11 North, Range 21, W. I. M., Beckham County, Oklahoma."

As contended by the defendant, the testimony on the motion to suppress is undisputed that on this tract of land there are four tenants in possession of different parts of the land described; the first one being the defendant, Raymond Fitzgerald, residing in the specifically described 1½ story frame residence; the second being some person who is in charge as a tenant of the barns and corrals located on this property, and the third being a Mr. and Mrs. Brawley, who operated a place of business, the same being a Street Car Cafe, with lean-to living quarters built in connection therewith, where they resided and made their home, and the fourth being the City of Elk City, Oklahoma, which used a part of the East end of the hereinbefore described property as a dump ground, with some buildings located thereon. The defendant, in his testimony on the motion to suppress, testified

that in his opinion, at the time of the raid, none of the buildings were occupied except that occupied by the Brawleys.

The defendant relies upon the case of Eidson v. State, Okl.Cr., 271 P.2d 751, 752. Therein, the contention was made that the search warrant was a blanket search warrant; this case is not in point herewith, however, for the very obvious distinction made in the case itself, as follows:

"These cases all in substance hold that, where two or more families reside on the land or place searched the warrant directing the indiscriminate search of such a place is a blanket warrant. It is the intent of the constitutional inhibition as applied to blanket warrants to prevent the unlawful search of the private place of abode of two or more families. Littke v. State, Okl.Cr., 267 P.2d 614; Williams v. State [95 Okl.Cr. 131], 240 P.2d 1132, 31 A.L.R.2d 851."

The foregoing description contained in the search warrant under consideration is not what can be termed a warrant directing an indiscriminate search of the premises therein described, by reason that, it confines the search to a 1½ story frame residence located on the property described, etc. Therefore, the warrant did not provide for an indiscriminate search of the entire property described, but confined it to the 1½ story frame house. The defendant's testimony on the motion to suppress established beyond any peradventure of doubt that the 1½ story frame house was the only house of that description located on the premises. He testified that he occupied the only frame residence in that 80 acres, and that he would call the house a one-story and a half. The record herein does not disclose that any other house other than the 1½ story frame house occupied by the defendant was searched, or attempted to be searched. It further discloses that the whiskey hereinbefore described was found on the defendant's premises, as described in the search warrant, the 1½ story frame house.

In light of the foregoing state of the record, it therefore appears that McCarthy v. State, 91 Okl.Cr. 294, 218 P.2d 397, 398, is in point, and controlling the situation herein involved. Therein, it was held:

"Where the warrant describes the premises upon which are located two houses in which defendant's family reside, and the house sought to be searched on said premises is so definitely described and distinguished from the other house that there is no occasion for mistake as to the house intended to be searched, such warrant does not constitute a 'blanket warrant'."

It therefore becomes obvious that the contention that the warrant herein involved was a blanket search warrant, in light of the foregoing authorities, is without substantial merit.

■■ Next, the defendant contends that the court erred in allowing the state to introduce testimony over the objection of the defendant, which was highly prejudicial to the rights of the defendant. This contention is predicated upon the proposition that in testifying in relation to the search, and seizure, made at defendant's house, testimony was permitted to be introduced to the trial court that Officer Tisdal had searched an old victrola where he had found whiskey before, and also that he had checked other places where he had found whiskey. The defendant complains that this testimony was admitted in the record over his objection, and exception, and it was highly prejudicial to his rights. He contends that such testimony had a tendency to put the defendant's character in evidence in that it referred to other raids which had been made upon the defendant's home. In this connection he cites Jones v. State, 94 Okl.Cr. 243, 234 P.2d 427, and Barnett v. State, 94 Okl. Cr. 180, 232 P.2d 660. Where the case is tried to a jury, the rules announced in the last two cited cases would be applicable, but herein the case was tried to the trial court, and this court has repeatedly held that where a criminal prosecution is tried to the court, in absence of a jury, it is presumed on appeal that that court in arriving at its decision, considered only competent evidence, and disregarded incompetent evidence that might have been admitted. Long v. State, Okl.Cr., 274 P.2d 553; Franklin

v. State, Okl.Cr., 279 P.2d 1116; Herren v. State, 74 Okl.Cr. 432, 127 P.2d 384; Holleman v. City of Tulsa, 79 Okl.Cr. 387, 155 P.2d 254; McCarthy v. State, supra:

"Where a jury is waived and a case tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with the reasonable inferences and deductions to be drawn therefrom, supporting the court's finding."

Wilkinson v. State, Okl.Cr., 273 P.2d 143; Ricketts v. State, 88 Okl.Cr. 265, 202 P.2d 431; Fitzgerald v. State, 97 Okl.Cr. 5, 256 P.2d 477; Id., 97 Okl.Cr. 7, 256 P.2d 479.

▆ There is ample competent evidence to support the trial judge's finding of guilt, and to sustain the judgment and sentence made and entered herein. For all the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.