Lonzo LAMB, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13240.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1962.

Sam J. Goodwin, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Lonzo Lamb, defendant in the court below, was charged in the district court of Garvin County with the crime of larceny of a domestic animal, to-wit: A one-day old heifer calf, a cross between a black angus and a roan, the personal property of Henry L. Granthom.

The case was tried to a jury, a verdict of guilty was returned assessing the penalty at three years in the state penitentiary.

Judgment and sentence was entered in keeping with the verdict on February 19, 1962, and petition in error with casemade attached was filed in this court on May 16, 1962. The case was assigned for oral argument for September 26, 1962. No brief has been filed in this case, and no appearance was made for oral argument on the date assigned.

Where a defendant appeals from a judgment of conviction, and neither any brief is filed nor appearance for oral argu-

ment made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in admission or rejection of testimony. This court will examine the record for jurisdictional errors, and if no fundamental error appears, the judgment will be affirmed. Hoehn v. State, 79 Okl.Cr. 415, 155 P.2d 730.

■ Nevertheless, we have carefully examined the record herein, and find that the information is sufficient to charge the crime of larceny of a domestic animal. The evidence is sufficient to sustain the judgment and sentence, and the court's instructions were applicable to the law and the facts. On the record before us, we have discovered no error which would warrant a reversal of the judgment, and it appears that the defendant was accorded a fair and impartial trial.

■■ It has been the consistent holding of this court that a verdict of guilty will not be set aside on the grounds of the insufficiency of the evidence where there is substantial evidence tending to support the verdict. The weight of the testimony and the credibility of the witnesses are for the determination of the jury. Pebworth v. State, 88 Okl.Cr. 97, 199 P.2d 621; Goodnight v. State, Okl.Cr., 366 P.2d 957.

■ The State produced five witnesses, and the defendant testified in his own behalf, and offered four other witnesses. The evidence is almost wholly circumstantial, and this court has repeatedly held that where a conviction rests upon circumstantial evidence, and circumstances are proved from which a reasonable and logical inference of guilt clearly arises and which excludes any reasonable hypothesis except the guilt of the accused, although the evidence is conflicting, Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. Story v. State, 92 Okl.Cr. 131, 221 P.d 682; Barnett v. State, 96 Okl.Cr. 151, 250 P.2d 69.

The defendant received the minimum sentence provided for conviction of the crime charged, 21 Okl.St.1961 § 1716.

The judgment and sentence of the district court of Garvin County is in all things affirmed.

NIX, P. J., and BUSSEY, J., concur.